Argued June 3, reversed and remanded December 9, 1970

BROWN, *Appellant, v.* DENTON ET AL.,
*Respondents.*
477 P2d 710

*J. B. Bedingfield,* Coos Bay, argued the cause for appellant. On the briefs were Bedingfield, Grant & Bedingfield and D. J. Grant, Jr., Coos Bay.

*Gary D. Rossi,* Coos Bay, argued the cause for re-

spondents. With him on the brief were McInturff, Thom, Collver and Rossi, Coos Bay.

Before O'CONNELL, Chief Justice, and McALLISTER, SLOAN,* DENECKE, HOLMAN, TONGUE and HOWELL, Justices.

HOLMAN, J.

This was a suit for the dissolution of a partnership which was engaged in the business of investigating and adjusting claims for liability insurers. Defendant partners defended on the basis that, subsequent to the filing of plaintiff's complaint and with the aid of their respective attorneys, the parties had entered into a verbal agreement dissolving the partnership, distributing the assets, and giving mutual releases of all claims of any nature. Defendants, by cross-complaint, sought specific performance of the claimed settlement agreement. The issue of whether there had been such a settlement agreement was segregated and tried. The trial resulted in a decree enforcing defendants' claimed agreement and dismissing plaintiff's complaint. Plaintiff appealed. The only issue is whether there was such a binding verbal agreement of settlement.

The parties, after the filing of plaintiff's complaint, negotiated for settlement. An apparent agreement was reached and the defendants' lawyer was designated to reduce the settlement to written form. When the document was presented to plaintiff, he refused to sign it upon the ground, among others, that it did not conform to the verbal agreement of the

---

* Sloan, J., resigned September 30, 1970.

parties because it contained a general release of all claims regardless of their nature.

An examination of the evidence discloses that the parties were in substantial agreement concerning all matters except one. Plaintiff claimed he was settling only those issues raised by his complaint which he contended were limited to dissolution of the partnership and distribution of its assets, while defendants claimed they were settling all claims of any nature. The importance of the difference is that plaintiff claims to have a yet-unprosecuted claim against defendants for damages for wrongful expulsion from the partnership.

All parties agree that no mention was made of a general release during their negotiations. In discussing the settlement, the parties took the prayer of plaintiff's complaint and went over all eight specific requests for relief and reached a disposition of each one. Defendants contend the additional prayer for general equitable relief in plaintiff's complaint was sufficient to encompass any claim for damages he might have because of his being wrongfully expelled from the business, and, therefore, such a claim was within the parties' contemplation when they were settling everything encompassed within the complaint. We do not believe that plaintiff's suit for dissolution of the partnership and distribution of its assets should be so broadly construed.

Defendants take the position that a general release of all claims of any nature was part of the settlement because such general releases are customary in the settlement of litigation. Plaintiff takes the position that he kept waiting for defendants to request such a release as part of the settlement at which time he

was going to tell defendants that it was not acceptable. He and his lawyer discussed the fact that no such release was requested by defendants in the proposed verbal settlement and decided that they would wait to see if such a provision was inserted in the agreement as drawn by defendants' attorney. When it was so inserted in the written agreement, plaintiff refused to sign it.

The situation was one where defendants thought they were settling all claims of any nature and plaintiff was not sure whether defendants thought they were so settling all claims or not, but he did not believe it was his obligation to suggest a general release if defendants were willing to settle without one. As a result, plaintiff awaited developments. Under these circumstances, we cannot say there was a meeting of the minds or objective assent sufficient to constitute a binding contract.

The evidence indicates that plaintiff strongly suspected that defendants might be agreeing to the settlement upon the basis that a general release would be included, though no such release had been mentioned. Defendants argue that settlements are favored in the law and, in such a situation, plaintiff should be bound. Under such circumstances, the court believes that there is more to be lost than gained by binding parties in the position of plaintiff. A subsequent written agreement was contemplated by the parties. In such a situation, if a party is bound by unmentioned provisions favorable to his adversary, which provisions there is reason to believe his adversary might contemplate, it would be dangerous to negotiate, and a damper would be put on settlements.

Neither should defendants be bound in any of

the matters upon which agreement was actually reached. The court cannot say that defendants would have been willing to settle those matters as they did had they realized a general release was not within the mutual contemplation of the parties. It would be no more fair to bind them concerning these other matters, under the circumstances described here, than it would be to bind plaintiff to grant a general release.

The decree of the trial court is reversed and the case is remanded for trial on the other issues involved.