Argued November 5, affirmed December 12, 1974

SCHLATTER, *Respondent, v.* WILLSON,
*Appellant.*

528 P2d 1349

*Thomas M. Banks,* Los Angeles, California, argued
the cause for appellant. With him on the briefs were
Berg, Berg & Walsh, Coquille.

*Maurice V. Engelgau,* Coquille, argued the cause and filed a brief for respondent.

Before O'CONNELL, Chief Justice, and HOLMAN, TONGUE, HOWELL, BRYSON and SLOPER, Justices.

SLOPER, J. (Pro Tempore)

This is an action at law brought by plaintiff to recover the unpaid purchase price for Christmas trees sold and delivered to defendant. Defendant denied the allegations of the complaint and filed a counterclaim seeking to recover lost profits and alleging a breach of the contract in that the trees that were delivered were not salable. The case was tried before the court upon a waiver of a jury. Defendant appeals from a judgment in favor of plaintiff in the sum of $6,793. We affirm.

Defendant's sole assignment of error is: "The court erred in granting judgment for Plaintiff on Plaintiff's Complaint." To support the alleged error, defendant urges that there are two questions presented for decision: First, "Is Defendant-Appellant entitled to damages for breach of implied warranty of fitness of purpose?" and, second, "Is Defendant-Appellant entitled to incidental damages resulting from Plaintiff-Respondent's breach of implied warranty?" We fail to see any connection between the argument of defendant in his briefs and the assignment of error presented for determination. No assignment of error is made for failure of the trial court to find in favor of defendant on his counterclaim.

Defendant admits the sale and delivery of the Christmas trees substantially as alleged in plaintiff's complaint. The disputed factual issue in the case is the

condition of the trees at the time of delivery to defendant's trucks at two points of delivery in Oregon. Defendant testifies that some of the trees when they arrived in the Los Angeles area where defendant operated two retail sales lots were in such condition that they could not be offered for sale. The complaint was that the trees had not been freshly cut just prior to delivery; that the trees had been damaged by freezing; and that they were dry and as a result the needles were falling off. Plaintiff testified that the trees were in good condition and salable at the time of delivery. The trees shipped to defendant and which were the basis of defendant's counterclaim were obtained from Mr. Robert H. Ruth. Mr. Ruth is a Research Forester employed by the United States Forest Service with Bachelor, Master and Doctor of Philosophy degrees in Forestry from Oregon State University. For 16 years, in his spare time, he has grown and harvested Christmas trees for his own account and in recent years has acted as agent for Christmas tree wholesalers in California. His testimony supports that of plaintiff as to the condition of the trees at the time of delivery. He testified that the first shipment of trees from his property were in excellent condition when delivered to plaintiff and that those in the second shipment would be in conformance with the contract.

In addition to defendant's testimony concerning the condition of the trees upon their arrival in Los Angeles, two other witnesses for defendant gave similar testimony. These witnesses were Vidner S. Willson, defendant's father, who observed the delivery to defendant's truck on the first shipment from the Ruth plantation, and Neil Driscoll, a business associate of defendant in the retail sales lots. No witness testified on behalf of defendant that there was anything wrong

with the trees at the time of their delivery in Oregon. We are thus presented with a factual conflict which the trial judge resolved in favor of plaintiff.

■■ The scope of our review in this situation has been previously stated in numerous decisions of this court. Under these circumstances, the findings of the trial judge, incorporated in the judgment, have the effect of a jury verdict, and cannot be set aside so long as they are supported by competent, substantial evidence. The rule was succinctly stated in *Wagner v. Savage, as Adm'r,* 195 Or 128, 141, 244 P2d 161 (1952), as follows:

> "This being a law action, the findings of the trial court upon the facts have all the force and effect of a verdict of a jury, and this court is bound thereby if there is any substantial evidence in the record to support them. We are not permitted to weigh the evidence and arrive at our own independent conclusions respecting the facts, as to the case in equity proceedings which are here tried de novo. As before observed, there is substantial evidence in the record to support the findings of the trial court."

The most recent statement by this court in approving the rule may be found in *Lokan v. Roberts,* 270 Or 349, 527 P2d 720, decided November 5, 1974.

This seems to be an appropriate occasion to once again observe, as we did in *Honeywell, Admx. v. Turner,* 214 Or 700, 705-706, 332 P2d 638 (1958), that:

> "The finality of a finding by the trial court when sitting as a jury is too frequently lost sight of. The rule to be applied requires occasional emphatic restatement. For such purpose we quote the entire opinion of this court in *Leonard v. King,* 128 Or 216, 274 P 116:
>
> " 'The record does not present any questions for

the determination by this court. It has been often decided that a question of fact once determined by a jury cannot be re-examined by this court: [Citing cases and the Constitution.] We are not justified in adding to the volume of decisions on that question. Our statute prescribes that the findings of a court in an action at law are equivalent to a verdict of a jury: Or L. § 159.' "

We conclude that there was ample testimonial basis for the trial court's decision.

The judgment is affirmed.