Argued and submitted July 28, affirmed October 6, 1980

# BENTON-LINCOLN CREDIT SERVICE, INC.,
*Plaintiff,*

*v.*

# GIFFIN,
*Defendant.*

## (No. 65163, CA 17282)

617 P2d 662

Dean M. Quick, Albany, argued the cause for appellant. On the brief were Michael G. Cowgill, and Weatherford, Thompson, Brickey & Powers, P. C., Albany.

Melvin T. Rollema, Albany, argued the cause for

respondent. With him on the brief was the Law Office of Willard Bodtker, Albany.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

## BUTTLER, J.

The only question presented on appeal in this case is the adequacy of the notice given third party plaintiff (plaintiff) pursuant to ORS 79.5040(3) after repossession and before the sale of the pickup truck third party defendant (defendant)[1] had contracted to buy. The trial court determined on the basis of stipulated facts that the notice was inadequate, and judgment was entered for plaintiff. We affirm.

Plaintiff defaulted on an installment contract for the purchase of a pickup truck, and voluntarily surrendered possession to the financing institution (secured party) on March 9, 1979. On that same day a notice was mailed to plaintiff which identified the vehicle and stated:

"The automobile above described has been repossessed. You are hereby notified of our intention to apply for certificate of title. This notice is given in conformity with the provisions of Section 481.415 of the Oregon Revised Statutes.

"You are further advised that immediate action may be taken for the recovering of the above indebtedness, including cost of repossession and other costs.

"Among the remedies reserved to the contract holder is the right to sell, applying the proceeds to the expenses of repossession and sale and the reduction of the secured indebtedness. In the event that sufficient funds are not realized for the satisfaction of all these items, you will remain liable for payment of the deficiency.

"If the exercise of these rights is to be avoided, payment of the above balance must be made within ten days from the date hereof."

The truck was sold at a private sale more than ten days after March 9, 1979, without further notice to plaintiff. Plaintiff was not informed of the disposition

[1] This action was first brought as an action for collection of a deficiency by Benton-Lincoln Credit Services, Inc., against the debtor, Jerry Giffin. Citizens Valley Bank was apparently the original financing institution in this transaction, but its interest was assigned to Benton-Lincoln, and then later reassigned back to the bank. After suit was filed by Benton-Lincoln, Giffin brought a third-party action against Citizens Valley Bank. It is only that action which is before this court on appeal and we will refer to Giffin as plaintiff and the bank as defendant or the secured party.

of the truck until the suit for deficiency was filed. Plaintiff, in turn, sought damages for the failure of the secured party to give the notice required by statute.[2]

The requirement of notice to the debtor after default in a secured transaction is contained in ORS 79.5040(3), which provides in pertinent part:

"(3) Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, if he has not signed after default a statement renouncing or modifying his right to notification of sale."[3]

We noted in *All-States Leasing v. Ochs,* 42 Or App 319, 327, 600 P2d 899 (1979), that the purpose behind the statutory requirement of notice is "to let the debtor know that the property [is] to be sold at private sale after a specified time and allowing the debtor to produce a buyer or make other arrangements to satisfy the secured party, if possible." This purpose is explained in Official Comment 5 to UCC, section 9-

---

[2] The amount of plaintiff's damages is stipulated. We assume, although it is not stated in the record, that the amount was agreed upon with reference to ORS 79.5070(1). There was no allegation by defendant that the sale of the truck was not carried out in a commercially reasonable manner. The only allegation relates to inadequacy of notice. The parties have agreed that that is the only question to be addressed and that recovery by defendant turns on that issue; accordingly, we decide that question only.

[3] The term "notifies" is defined in ORS 71.2010(26)

"(26) A person 'notifies' or 'gives' a notice or notification to another by taking such steps as may be reasonably required to inform the other in ordinary course whether or not such other actually comes to know of it. * * *"

504 (codified as ORS 79.5040)[4]; *and see* 4 Anderson, *Uniform Commerical Code,* 9-504:18 (2d ed 1971).

The letter sent to plaintiff did not serve the purpose of the notice required by ORS 79.5040(3). He was not informed that the truck would be sold either at public sale at a given time and place, or at private sale, but only that sale was "[a]mong the remedies reserved to the contract holder," and that he must pay the balance due within ten days to avoid "* * * the exercise of these rights * * *." The only specific action of which he was notified was the secured party's intention to apply for a certificate of title.

Not only did the letter not inform plaintiff of the disposition which the secured party intended to make of the truck, but the reference to the intended application for certificate of title might reasonably have suggested that the truck would be kept in full satisfaction of the obligation. *See* ORS 79.5050(2). Although plaintiff was informed that a sale was possible, the letter gave him no way of knowing whether a sale was actually planned and, if so, how it would be accomplished — whether at public or private sale. Defendant suggests that since the letter did not state that the truck would be sold at public sale or a given time and place, it must be presumed the sale would be private. That contention assumes too much. Given the fact that the secured party was not an automobile dealer which sold cars as part of its regular business, plaintiff cannot be held to have known, on the basis of what he was informed in the letter, what he could reasonably expect the secured party to do to effect a sale.

The options available to the secured party in disposing of collateral after default are very broad:

"(1) A secured party after default may sell, lease or otherwise dispose of any or all of the collateral in

---

[4] Official Comment 5 to UCC section 9-504 states:

"* * * [A]t a minimum [the notice] must be sent in such time that persons entitled to receive it will have sufficient time to take appropriate steps to protect their interests by taking part in the sale or other disposition if they so desire."

its then condition or following any commercially reasonable preparation or processing. * * *" ORS 79.5040(1).

As noted above, the collateral may be kept in satisfaction of the obligation, ORS 79.5050(2), in which case the secured party is not entitled to any deficiency.

The debtor has the right to redeem the collateral "[a]t any time before the secured party has disposed of [it] or entered into a contract for its disposition. * * *" ORS 79.5060. The secured party is obligated to account to the debtor for any surplus obtained in the sale of the collateral, just as the debtor, unless otherwise agreed, is liable for any deficiency. ORS 79.5040(2).

In order to protect his interests in the collateral, to redeem it if possible, to insure the commercial reasonableness of the disposition and to protect any excess or minimize any deficiency, the debtor must be informed of what disposition the secured party intends to make of the collateral.[5] Without that basic information the debtor is not in a position to protect his interests and the purpose of the notice provision of ORS 79.5040(3) has not been met. This notice did not inform plaintiff of the intended disposition of the collateral and was insufficient to meet the requirements of the statute.

Affirmed.

---

[5] Although the question is not presented here, it would not seem unreasonable to require the secured party, in the event of a proposed private sale at a known price, to notify the debtor that the collateral will be so sold after a certain date in order that the debtor may produce a purchaser for a higher price, or possibly redeem. On the other hand, if the sale, albeit private, will be made from a used car lot, such a specific notice would not be feasible.