ASHMUN, et al,
*Respondents - Cross-Appellants,*
*v.*
G and H RANCHES, INC., et al,
*Appellants - Cross-Respondents,*

(No. 79-323, CA 16548)

618 P2d 462

George T. Gant, Coos Bay, argued the cause for appellants - cross-respondents. With him on the briefs was McNutt, Gant, Ormsbee, Corrigall & Gould, Coos Bay.

Stuart M. Brown, Eugene, argued the cause for respondents - cross-appellants. With him on the briefs were Robert D. Woods, and Young, Horn, Cass & Scott, Eugene.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

Plaintiffs commenced this action for rent due under a farm lease, and for damages to the premises. Defendants denied there was rent due, and counterclaimed for damages for conversion arising out of plaintiffs' alleged wrongful assertion of dominion over hay and other personal property of defendants. A jury returned a verdict for plaintiffs in the amount of $3,662.50 for rental due, less certain credits, and for damages to the farm property, and also returned a verdict for defendants on their counterclaim in the amount of $8,700. The lease contained a provision for attorney fees to the prevailing party in any litigation under the lease, and pursuant to stipulation of counsel that the court could determine both entitlement to, and amount of, such fees, the trial court awarded plaintiffs $5,739.04. A judgment was entered for plaintiffs in the net amount of $560.64, with costs to defendants.

Defendants appeal, contending only that the trial court should not have awarded attorneys fees to plaintiffs because the verdict for defendants on the conversion exceeded the verdict for plaintiffs under the lease. Plaintiffs cross appeal, contending only that their motion for a directed verdict on the counterclaim should have been granted.

For the purpose of considering the very narrow issues presented on appeal, as we view them, it is sufficient to know that defendants were in default in the payment of rent under their lease with plaintiffs, and that after the rental became due defendants commenced removing some baled hay from the leased premises, whereupon plaintiffs locked the gate to the leased premises and posted a notice that they were asserting a landlord's lien on personal property of defendants then on the premises. Defendants' counterclaim for conversion alleged that the converted property consisted of baled hay in two barns, cattle, horses, a camp trailer, a livestock trailer, an equipment trailer and building materials, *all* of which were of the value of $21,600.

■ It is clear that defendants' theory from beginning to end was that plaintiffs had converted all of the foregoing property when they locked the farm gate. However, plaintiffs had a landlord's lien on all of that property pursuant to ORS 87.162, which provides:

"Except as provided in ORS 87.156 and 91.720, a landlord has a lien on all chattels, except wearing apparel as defined in subsection (1) of ORS 23.160, owned by a tenant or occupant legally responsible for rent, brought upon the leased premises, to secure the payment of rent and such advances as are made on behalf of the tenant. The landlord may retain the chattels until the amount of rent and advances is paid."

That lien attached after defendants started removing hay from the premises, at which time plaintiffs asserted the lien. ORS 87.166(2) provides:

"The lien created by ORS 87.162 attaches to the chattels described in that section on the 20th day after rents or advances occur or attaches when the occupant or tenant attempts to remove the chattels from the premises while there are unpaid rents or advances. A person claiming a lien under ORS 87.162 may take the chattels subject to that lien into his possession when the lien attaches or at any time thereafter."

Plaintiffs' motion for a directed verdict raised the question of whether they converted the defendants' property by "retaining" it under a claim of lien. The trial court, in denying the motion, appears to have held that it was a jury question. While the colloquy between the court and counsel is somewhat confusing, we conclude that, on the issue raised by the motion, plaintiffs were entitled to have the motion granted: as a matter of law they were entitled to retain defendants' property then on the leased premises until the rent was paid. There was no conversion based upon the issue as thus framed.

■ It developed during trial that after the action was commenced, plaintiffs sold some of the hay from time to time at private sale, and applied the amounts received on the rental due. So far as the record shows,

those sales were made without complying with the statutory procedures for foreclosing their landlord's lien.[1] Each time a bale of hay was so sold, there was a conversion. *Swank v. Elwert,* 55 Or 487, 105 P 901 (1910). However, defendants did not rely on that theory either in their pleadings or their evidence, and did not oppose the motion for directed verdict on that ground.[2] The motion should have been granted; therefore the judgment for defendants must be vacated.

■■ The posture of the case after the judgment for defendants is vacated makes it unnecessary to decide whether plaintiffs were entitled to attorney's fees under the lease where defendants obtained a verdict on their counterclaim (not under the lease) greater than plaintiffs' verdict. If there was error, and we do not think there was, it would be moot. The question remains as to the reasonableness of the fees awarded. Defendants contend that $5,739.04 is unreasonable in light of a verdict for plaintiffs for $3,662.50. We must concede that the award was high, but counsel stipulated that the court could determine both entitlment to, and amount of, attorney's fees based upon affidavits of counsel. Both parties submitted affidavits. The determination of the amount of fees is in the sound discretion of the trial judge, who is in the better position to evaluate the services, and there is sufficient evidence to support the amount awarded. *Miller v. Fernley,* 280 Or 333, 570 P2d 1178 (1977).

The case is remanded for entry of a new judgment on the jury verdict for plaintiffs, together with

---

[1] *See* ORS 87.172, 87.182, 87.186, 87,192, 87.196, 87.202.

[2] If defendants had opposed the motion on the ground that the private sales constituted a conversion, the motion should, nevertheless, have been granted because there was no evidence as to how many bales had been sold (converted), and therefore no evidence on which to determine damages. There was evidence that at least some of the bales had been sold for $1.25 per bale. Apparently the jury determined that all 7,000 bales had been converted and that the fair market value was $1.25 per bale. We need not decide what affect plaintiffs' "paying" defendants the fair market value (if $1.25 per bale is that value), by applying it on rental due, would have on defendants' claim. It is at least arguable that plaintiffs "bought" the hay at the fair market value - which is the effect of a conversion - and defendants were paid for it.

the attorney's fees awarded by the trial court and costs, omitting the judgment for defendants on their counterclaim.

Affirmed in part, reversed in part and remanded.