Argued and submitted November 7, affirmed December 22, 1980

# LIEBREICH,
## *Respondent,*
### *v.*
# COHEN,
## *Appellant.*

# (No. A7804 06823, CA 16746)

620 P2d 975

Richard L. King, Portland, argued the cause for appellant. With him on the briefs was Mercer, MacLaren, Talney, King and Crew, Portland.

Bruce M. Weinsoft, Portland, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

ROBERTS, J.

## ROBERTS, J.

This is an action against defendant as the personal representative of the estate of decedent to recover on two promissory notes made to plaintiff by the decedent. The trial court found for plaintiff and defendant appeals. We affirm.

Plaintiff and decedent were sister and brother. Plaintiff was several years older than decedent. The trial court stated in its findings of fact that "[t]he relationship between Plaintiff and the decedent was extremely close. That close relationship was one of confidence, faith, trust and love." On May 1, 1964, decedent made and delivered to plaintiff a promissory note in the amount of $7,500 with interest at 6 percent per annum. On November 17, 1965, decedent made and delivered to plaintiff another promissory note in the amount of $7,500 but with no interest. Both of the notes were given in exchange for property plaintiff transferred to decedent and decedent's representation to plaintiff of his plans to build a four-plex on the property and to share the benefits of the venture with plaintiff. When the four-plex was sold, decedent did not pay the notes nor did plaintiff share in the proceeds from the sale.

The trial court stated in its findings of fact the following:

### "VII

"From and after the execution of the promissory notes, the decedent made numerous promises to Plaintiff and to the two sons of Plaintiff that the promissory notes would be paid in full. The promises of payment were made both during the six-year period of time from the date of each promissory note and on numerous occasions thereafter.

### "VIII

"Plaintiff, either individually or through one or both of her two sons, made numerous inquiries over the entire period of time as to when the promissory notes would be paid. The decedent continually represented and promised that the notes would be paid, and in addition, the decedent represented to Plaintiff or to her sons that the decedent had and would name Plaintiff and her family as beneficiaries under his will and as beneficiaries under certain life insurance. The promises and representations concerning the will and the life insurance were made for the

purposes of causing Plaintiff to refrain from seeking immediate repayment and for the purpose of providing protection to Plaintiff for ultimate payment on the promissory notes.

"IX

"The decedent promised that payment of the promissory notes would be made when the initial real property development project was sold. Plaintiff and her two sons inquired about or requested payment within the first few years after the execution of the promissory notes. The decedent represented that the project had been sold, that the money was needed or was used elsewhere, and that Plaintiff would be paid when the funds later became available.

"X

"Because of the relationship of the parties and the circumstances of the case, Plaintiff relied and continued to rely upon the representations and promises of the decedent concerning payment of the promissory notes and concerning the will and life insurance.
"* * * * *."

On May 18, 1971, decedent made and delivered to plaintiff a mortgage on residential property for the purpose of securing the promissory note dated May 1, 1964. On October 1, 1971, plaintiff signed a satisfaction of the mortgage which recited that the debt secured by the mortgage was paid. This document was presented to plaintiff by her son at the request of decedent. At trial, plaintiff testified that she had not received any payment from decedent when she signed the satisfaction of mortgage, that she did not intend to release decedent from the debt and that she did not intend for the document to state that the note was paid.

■ Defendant assigns as error the trial court's findings that there was a confidential relationship between plaintiff and decedent, that defendant was therefore estopped from raising the statute of limitations, and that the due date for the notes was not six years from the date of the notes. Defendant maintains the evidence in the record was insufficient to support the court's findings. We disagree.

The evidence on all the challenged findings was presented by the testimony of plaintiff and her two sons. The findings of the court accurately describe that testimony. There was no evidence to the contrary, even by

defendant, decedent's widow. The court's findings are clearly supported by the record.

Defendant also assigns as error the court's failure to find a statutory conclusive presumption regarding the satisfaction of mortgage. ORS 41.350 provides:

"The following presumptions, and no others, are conclusive:

"* * * * *

"(3) The truth of the facts recited from the recital in a written instrument, between the parties thereto, * * * but this rule does not apply to the recital of a consideration.

"* * * * *."

Defendant claims that under this provision evidence that the note was not, in fact, paid was inadmissible. We disagree.

The satisfaction of mortgage recites that plaintiff is the owner and holder of the mortgage and the obligation described and that the mortgage "together with the debt thereby secured, is fully paid, satisfied and discharged." There is no dollar amount shown on the satisfaction of mortgage. The cases considered under the conclusive presumption statute are not entirely clear as to whether evidence can be presented to show that there was no consideration, or only to show a different amount than that stated in the document. For example, the Supreme Court in *Osborne v. Groppo et ux.,* 194 Or 692, 244 P2d 609 (1952), said:

"As to the recital in the conveyance of [a specific amount], the grantor or mortgagor, as the case may be, may show by parol evidence that such sum was not, in fact, paid. *Marks v. Twohy Bros. Co.,* 98 Or 514, 194 P 675." 194 Or at 695.

*See also Cockerham v. First National Bank of Redmond,* 136 Or 176, 287 P 223, 297 P 363 (1931); *Krueger v. Ropp,* 282 Or 473, 579 P2d 847 (1978).

■ These cases are not dispositive of the issue here; however, it is clear from other cases that Oregon has adopted a rule which allows evidence to show, not only that the consideration was different than that recited, but also to show a complete failure of consideration. The Supreme Court said in *Hurst v. Merrifield,* 144 Or 78, 23 P2d 124 (1933):

"It is a well-settled proposition of law that the real consideration recited in the written instrument, or that there was a want or failure of consideration, may be shown by oral testimony. 22 C.J. 1157, § 1555."

*See also Tomihiro v. United Hotel Corp.,* 145 Or 629, 28 P2d 124 (1933).

■     The conclusive presumption does not apply in this case, and no error was committed by the introduction of the evidence.

Affirmed.