Argued and submitted September 15, affirmed December 21, 1981,
reconsideration denied January 28,
petition for review denied February 24, 1982 (292 Or 581)

# WILLIAMS et ux,
*Respondents,*

*v.*

# LEATHAM et ux,
*Appellants.*

## (No. 78-1152, CA A20196)

637 P2d 1296

Larry J. Anderson, Eugene, argued the cause for appellants. With him on the brief was Anderson & Smejkal, Eugene.

John A. Hudson, Eugene, argued the cause for respondents. With him on the brief was Hudson & Kearney, Eugene.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Van Hoomissen, Judge.

RICHARDSON, P. J.

JOSEPH, C.J., specially concurring opinion.

## RICHARDSON, P. J.

Plaintiffs brought this action to recover the unpaid balance on a promissory note. Defendants pleaded, as an affirmative defense, that the parties had agreed to a settlement which superseded the terms of the note. The trial court, sitting without a jury, found for plaintiffs in the amount due on the note, plus interest, and awarded plaintiff attorney fees, pursuant to the terms of the note. Defendants appeal, assigning as error the trial court's failure to find a valid settlement agreement and the trial court's award of attorney fees.

Plaintiffs sold a service station and related tools and equipment to the defendants in 1971. As part of the purchase price, defendants gave plaintiffs a promissory note for $15,000, secured by a second mortgage on the service station. Defendants later sold the service station, but not the tools and equipment, to a Mr. Kindt. Defendants had no use for the tools and equipment, so they agreed to return them to plaintiffs. They were in possession of a third party, however, and defendants took no action to return them to plaintiffs' possession.

In 1976, Kindt defaulted, and the first mortgagee brought foreclosure proceedings. Kindt then filed for bankruptcy. The trustee in bankruptcy approved selling the station and dividing the proceeds among the creditors. The first mortgagee and plaintiffs were parties to that proceeding, but defendants were not. Plaintiffs expected to receive $10,000 from the sale, and they expected defendants to deliver the tools and equipment prior to the time the sale was held, pursuant to an oral agreement. Defendants contend that they did not agree to deliver the tools and equipment, but agreed only to use their best efforts to return the property. The property was not returned by the date of the sale.

At the sale, a tax lien was discovered, which would reduce plaintiffs' recovery to approximately $8,600. Defendant Ralph Leatham was present at the sale. Plaintiffs' attorney, who was also present, asked Leatham if he would pay the $1,400 difference to enable plaintiffs to receive the full amount due on the note. Leatham orally agreed, and plaintiffs' attorney then agreed to proceed with

the bankruptcy sale. Following the sale, plaintiffs recorded a "satisfaction of mortgage," which declared that the mortgage, "together with the debt thereby secured, is fully paid, satisfied and discharged."

Subsequently, plaintiffs' attorney drafted a writing memorializing his understanding of an oral agreement between the parties. The parties had intended to reduce any agreement reached to writing, but defendants did not sign any of the three successive drafts presented to them. Plaintiffs then brought this action on the promissory note to recover the unpaid balance. Through the bankruptcy sale and reduction of principal, plaintiffs had received $10,390, leaving a balance of $4,610.

Defendants pleaded an affirmative defense of accord and satisfaction, *i.e.,* that the parties had agreed to a settlement which superseded the terms of the promissory note. Although the trial court made no written findings of fact, it is clear that the court entirely rejected the factual basis of the affirmative defense.

■    Our scope of review is narrow. Although the case was not tried before a jury, "the findings of the trial judge * * * have the effect of a jury verdict, and cannot be set aside so long as they are supported by competent, substantial evidence." *Schlatter v. Willson,* 270 Or 685, 688, 528 P2d 1349 (1974). We examine the evidence and inferences reasonably drawn from the evidence in a light most favorable to the party prevailing at trial. *White v. Bello,* 276 Or 931, 933, 556 P2d 1362 (1976).

■    An accord and satisfaction is "the substitution of another agreement in satisfaction of the former one, and an execution of the latter agreement." *Warrenton Lumber Co. v. Smith et al.,* 117 Or 530, 539, 245 P 313 (1926). Accord and satisfaction is an affirmative defense, and the burden ·of establishing it is upon the party asserting the defense. *Lenchitsky v. H. J. Sandberg Co.,* 217 Or 483, 490, 343 P2d 523 (1959); ORCP 19B. If established, the creditor's rights are determined under the new agreement, for the "original obligation is totally extinguished." *Savelich Logging v. Preston Mill Co.,* 265 Or 456, 462, 509 P2d 1179 (1973). If the debtor merely establishes a complete executory accord,

"the prior claim is not extinguished until the new agreement is performed." *Savelich Logging v. Preston Mill Co., supra,* 265 Or at 462; *see Washington v. Heid,* 264 Or 179, 504 P2d 745 (1972).

Defendants contend that the oral agreement made at the bankruptcy sale to pay $1,400, their earlier agreement to use their best efforts to return the tools and equipment, and plaintiffs' signing and recording of the satisfaction of mortgage, together all indicate that the original agreement was superseded. Defendants argue that the parties' failure to sign a written document does not vitiate the agreement, because the parties intended the oral agreement to be binding. *Britt v. Thorsen,* 258 Or 135, 137-38, 481 P2d 352 (1971). Although there is evidence in the record to support this argument, there is also substantial evidence to support the trial court's ruling. The implied finding of the trial court that no complete accord was reached by the parties is also supported by the evidence. As the Oregon Supreme Court has stated:

> "In all contracts, whether of accord and satisfaction or the compromise and settlement of a disputed claim, or otherwise, it is essential to the validity of the contract that the minds of the parties have met in agreement with each other. There must be an *aggregatio mentium,* as otherwise the contract is not complete. * * *" *State ex rel v. Funk,* 105 Or 134, 154, 199 P 592, 209 P 113, 25 ALR 625 (1922).

*See also, Brown v. Denton,* 257 Or 161, 477 P2d 710 (1970). The parties did not agree on defendants' obligations with respect to the delivery of the tools and equipment or the terms of payment of the $1,400. Most significantly, Leatham testified that at the time he agreed to pay the $1,400, he believed he was acting out of goodwill to save plaintiffs from a loss they could not afford, not because he believed that he was still liable on the promissory note.

■    In sum, there was substantial evidence from which the trial court could find that the original promissory note had not been superseded. We do not find the "satisfaction of mortgage" document to be dispositive. While the recorded document declared the underlying debt had been repaid, the direct legal effect of the document was to release the security. ORS 86.120. Plaintiffs remained free to prove that the debt had not in fact been paid. *Liebreich v. Cohen,*

49 Or App 943, 947-48, 620 P2d 975 (1980). The trial court properly held defendants liable on the original promissory note.

Defendants' second assignment of error is that the trial court's award of attorney fees is excessive. The promissory note, on which plaintiffs prevailed, provides:

> "If this note is placed in the hands of an attorney for collection, each of the undersigned promises and agrees to pay the holder reasonable collection costs, including attorney fees, even though no suit or action is filed hereon; however, if such suit or action is filed, the amount of such attorney's fees shall be fixed by the court, or courts in which the suit or action, including any appeal therein, is tried, heard or decided, and the undersigned agree to pay those fees as fixed by each of said courts."

Counsel for plaintiffs submitted affidavits to the trial court supporting their claim for attorney fees in the amount of $3,455. No other evidence was presented respecting the amount of attorney fees. Plaintiffs were represented by two attorneys. Their first attorney withdrew as counsel prior to trial, because he intended to testify. Plaintiffs were represented at trial by another attorney. The court awarded a distinct amount to each attorney; $1,100 to the first and $1,800 to the second.

Defendants contest the $2,900 award as excessive. They argue that the amount is not a "reasonable sum" for a case involving an amount in controversy of only $4,610; that a substantial amount of plaintiffs' counsels' work took place following plaintiffs' requested postponement of the trial date; and that a portion of the award compensates plaintiffs' counsel for services performed in connection with the bankruptcy proceeding, for which defendants should not be liable.

■■ Modification of the amount of attorney fees based on defendants' first and second arguments is not warranted. "The determination of the amount of fees is in the sound discretion of the trial judge, who is in the better position to evaluate the services, and there is sufficient evidence to support the amount awarded." *Ashmun v. G. & H. Ranches, Inc.,* 48 Or App 945, 949, 618 P2d 462 (1980), *rev den* 290 Or 449 (1981). The amount in controversy is only one of

several considerations to be weighed in determining a reasonable fee.

█.        Defendants argue that the $1,100 awarded to the first attorney includes compensation for representation of plaintiffs during the bankruptcy proceedings. They contend the language of the note respecting attorney fees does not authorize an award of attorney fees to a proceeding to which defendants were not a party. The attorney fee provision of the note does not restrict award of attorney fees to a judicial proceeding; it provides for fees if the note is placed in the hands of an attorney for collection. Plaintiffs appeared in the bankruptcy proceedings to protect their interest in the property on which they held a second mortgage to secure the note given by defendants. Although the bankruptcy proceedings, insofar as plaintiffs were involved, related to the security and did not directly involve defendants' note, defendants were benefited by plaintiffs' realization of funds from sale of the security. We conclude the attorney fee provision of the note is broad enough to include representation of plaintiffs in the bankruptcy proceedings.

Affirmed.

**JOSEPH, C. J.,** specially concurring.

I concur in the result, but I do not concur in the part of the opinion that upholds, on the basis of the language in the promissory note, the award of an attorney fee to the first attorney for his work in the bankruptcy proceeding. Suppose that a case were to come up where a secured creditor had placed a note in the hands of an attorney for collection and had also instructed the attorney to proceed first to foreclose the mortgage that secured the note. If the mortgage were held to be invalid for some reason and foreclosure were therefore denied, I doubt very much that we would say the maker of the note and the mortgage would be entitled to recover attorney fees for defending the foreclosure by reason of the language in the note and the reciprocity rule in ORS 20.096. We would, I am confident, say that the effort to realize on the security was not part of collection of the note. The bankruptcy proceeding here had no *legal* connection with collection of the note.

What I would do is to recognize that the defendant has not made a proper record to challenge the award of the attorney fee to the first attorney. For that reason, I concur in the result.