Argued and submitted June 22, affirmed November 9, 1983

# FMC FINANCE CORPORATION,
*Respondent,*

*v.*

# CRAIG et al,
*Appellants.*

## (A8002-00827; CA A25949)

671 P2d 731

Thomas A. Caruso, St. Andrew Legal Clinic, Portland, argued the cause and filed the brief for appellants.

Jerald P. Keene, Portland, argued the cause for respondent. With him on the brief was Wolf, Griffith, Bittner, Abbott & Roberts, Portland.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

## YOUNG, J.

Plaintiff sought to recover a deficiency judgment after defendants defaulted on an equipment lease contract.[1] Defendants affirmatively alleged accord and satisfaction and, alternatively, urged that, under the facts of this case, plaintiff's notice of sale of the collateral was unreasonable. After trial to the court, judgment was entered for plaintiff, and defendants appeal. We affirm.

Defendants are involved in landscape contracting and gardening. In order to obtain a hydrograsser,[2] defendant Craig, on behalf of defendant John M. Craig Complete Gardening Service, Inc., signed a lease application with plaintiff; plaintiff then purchased the hydrograsser and leased it to defendants. Defendants made one advance payment, which applied to the August, 1978, rental, and paid a $679 security deposit. After defendants obtained the hydrograsser, however, the machine worked for only one or two days. Defendants made two additional monthly payments and then notified plaintiff that, because the machine no longer worked, they declined to make further payments.

The parties then negotiated in an attempt to resolve their impasse. During the course of the negotiations, on April 18, 1979, plaintiff's attorney sent Craig a letter stating:

> "Under the circumstances, FMC will give you only ten days from the date of this letter in which to deliver the truck and attached Hydrograsser to Barrett Brothers Trucking. Their address is 1234 E. Pacific Boulevard, Albany, Oregon, and the equipment can be delivered between 8:00 a.m. and 6:00 p.m. on weekdays. If these times are inconvenient, you can make other arrangements by calling Denny Barrett at 928-3324.

> "If you do so, your truck will be returned to you and your monthly payments of $480.56 per month plus late charges will stop accruing. If you do not deliver the Hydrograsser within ten days, FMC will fully exercise its legal rights to declare the entire amount of rent provided for under your lease agreement immediately due and will proceed accordingly * * *."

---

[1] The parties agree that this case involves a secured transaction under the Uniform Commercial Code.

[2] A hydrograsser applies grass seed, mulch, fiber and fertilizer on a grass surface.

■ Defendants did not arrange delivery to Barrett Brothers until two weeks after the date of plaintiff's letter. Plaintiff then brought suit to enforce the terms of the lease. We review as in an action at law, which requires that we review the evidence and the inferences in a light most favorable to the plaintiff. Or Const, Art VII (Amended), § 3; *Northwestern Pac. Indem. v. Canutt,* 280 Or 375, 381-82, 570 P2d 1182 (1977).

■ Defendants' first assignment is that they were entitled to prevail as a matter of law on their affirmative defense of accord and satisfaction. In response to plaintiff's fifth amended complaint, defendants affirmatively alleged:

"Defendant[s] delivered the hydrograsser to plaintiff in accord with the obligations of the parties as set forth in the above agreement and to extinguish any prior obligation."

The "agreement" referred to in defendants' affirmative defense of accord and satisfaction was plaintiff's letter of April 18, 1979, quoted above. The trial court found that defendants had not complied with the 10-day response requirement stated in the letter, and that finding is supported by defendant Craig's testimony. Defendants had the burden to prove each allegation of their affirmative defense, *Williams v. Leatham,* 55 Or App 204, 207, 637 P2d 1296 (1981), *rev den* 292 Or 581 (1982), and they failed to do so. The trial court's finding, supported by the evidence, was not error. *See Schlatter v. Willson,* 270 Or 685, 688, 528 P2d 1349 (1974).

Defendants next assert that the trial court erred in finding that plaintiff's notice of sale of the collateral was reasonable. ORS 79.5040(3) requires notice to a debtor after default in a secured transaction:

"Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, if he has not signed after

default a statement renouncing or modifying his right to notification of sale. In the case of consumer goods no other notification need be sent. In other cases, notification shall be sent to any other secured party from whom the secured party has received (before sending his notification to the debtor or before the debtor's renunciation of his rights) written notice of a claim of an interest in the collateral. The secured party may buy at any public sale and if the collateral is of a type customarily sold in a recognized market or is of a type which is the subject of widely distributed standard price quotations he may buy at private sale."

Defendants argue that plaintiff's notice of sale was unreasonable because: (1) the notice was sent to defendants almost one year after the collateral was returned by defendants; (2) defendants were notified that the collateral would be sold in Santa Clara, California, 10 days after Craig received the notice; and (3) the notice did not apprise defendants that the $13,580 hydrograsser would be resold for $2,003 which, defendants allege, plaintiff knew ahead of time.

■ We stated in *All-States Leasing v. Ochs,* 42 Or App 319, 327, 600 P2d 899 (1979), that "the purpose behind the statutory requirement of notice is to let the debtor know that the property [is] to be sold at private sale after a specified time and allowing the debtor to produce a buyer or make other arrangements to satisfy the secured party, if possible." Defendants argue that it was unreasonable to expect them to arrange to find a purchaser for the hydrograsser when it was to be sold in Santa Clara only 10 days after they had received notice of the sale. Although 10 days seems the minimal period of time necessary to make the arrangements either to purchase the hydrograsser or to obtain a purchaser for it, we cannot say as a matter of law that it is unreasonable. The trial court expressly found that the notice plaintiff provided defendants adequately apprised them of the time and place of the sale "and was reasonable under the circumstances." Those findings have the effect of a jury verdict when supported by the evidence. *Northwestern Pac. Indem. v. Canutt, supra.*

■ Defendants finally argue that the notice was unreasonable because it did not apprise defendants that the $13,580 hydrograsser would be sold for $2,003. In support of that argument, defendants quote from *Benton-Lincoln Credit Service v. Giffin,* 48 Or App 559, 564 n 5, 617 P2d 662 (1980), in

which we stated that "it would not seem unreasonable to require the secured party, in the event of a proposed private sale at a known price, to notify the debtor that the collateral will be so sold after a certain date in order that the debtor may produce a purchaser for a higher price, or possibly redeem." Defendants in this case were not so notified, but they point to nothing in the record to show that plaintiff knew the resale price ahead of time. In fact, the record shows that plaintiff continued to receive bids after the notice was sent and that the company accepted the highest bid it received.[3]

Affirmed.

---

[3] Defendants assert that the failure of plaintiff to resell the equipment or to notify defendants of any resale for almost one year after they relinquished the equipment to plaintiff is conclusive evidence that plaintiff intended to keep the equipment and thus should absolve defendants from further liability. That point was not raised at trial, and the assignment of error does not comply with ORAP 7.19. We therefore decline to consider it.