Submitted on briefs January 4, reversed February 1, 1927.

# GILBERT THOMSON ET AL. *v.* J. S. SILSBY ET AL.

### (252 Pac. 712.)

**Evidence—Recital of Agreement to Pay Broker in Consideration of Services Performed Held Conclusive Proof of Performance, Under Statute (Or. L., § 798).**

1. Recital in broker's contract that customers agreed to pay him sum of money "in consideration of services performed by said broker in negotiating and bringing about the foregoing sale" *held* conclusive proof, under Section 798, Or. L., of performed contractual consideration.

**Trial—Whether Causes of Action were Improperly United Held Immaterial on Motion to Nonsuit Brokers Suing for Commissions.**

2. On motion to nonsuit brokers in action for commissions, question of improper joinder of causes of action was not material.

**Brokers—Nonsuit of Brokers Suing for Commissions was Improper, Where Employment and Performance of Services was Admitted.**

3. Court erred in granting nonsuit in brokers' action for commissions, where employment was admitted, and recital in parties' contract conclusively admitted performance of services.

**Brokers—Whether Defendants can Prove Fraud is Immaterial on Motion to Nonsuit Brokers Suing for Commissions.**

4. On motion to nonsuit brokers suing for commissions, question whether defendants can prove their allegations of fraud is not presented.

---

Brokers, 9 C. J., p. 657, n. 57.
Estoppel, 21 C. J., p. 1112, n. 40.

From Multnomah: GEORGE W. STAPLETON, Judge.

In Banc.

REVERSED.

For appellants there was a brief over the name of *Mr. W. B. Shively.*

---

1. See 8 R. C. L. 651.

For respondents Wolf there was a brief over the names of *Messrs. Murdoch & Crum* and *Mr. Nicholas Jaureguy.*

For respondents Silsby there was a brief over the names of *Mr. T. B. Handley* and *Mr. Sidney S. Johnson.*

BURNETT, C. J.—The plaintiffs, Gilbert Thomson and Emma Thomson, are real estate brokers. J. S. Silsby and wife were the owners of a farm. Frank Wolf and wife had a lease upon an apartment house in Portland. It is admitted in the pleadings that the Silsbys, as parties of the first part, the Wolfs, as parties of the second part, and the plaintiffs, as parties of the third part, made a tripartite agreement of which the following, except property descriptions, is a copy:

"PORTLAND REALTY BOARD — OFFICIAL CONTRACT FOR EXCHANGE OF REAL PROPERTY.

"Official rates of commission—City property: 5% on first $60,000, 2½% on all over $60,000. Out-of-town property: 5% of total sale price. Exchanges: Full regular commission from each side, same as two sales. Subdivisions by agreement.

"THIS AGREEMENT IN TRIPLICATE made and entered into this 9th day of August, 1923, by and between J. S. and Edith Brown Silsby, hereinafter called the first party, and Frank and Lona Wolf, hereinafter called the second party, and the undersigned brokers,

"WITNESSETH: That the first party agrees to sell and convey unto the second party, and the second party agrees to purchase from the first party at and for a purchase price of Twelve Thousand and no/100 Dollars ($12,000.00) that certain property described

as follows, to wit: * * in Clackamas County, State of Oregon, free from all encumbrances excepting Four Thousand and no/100 Dollars ($4,000.00) which encumbrances are included in the purchase price of $12,000.00.

"And in payment of the purchase price of the above described property, the second party agrees:

"(a) To assume the above mentioned encumbrances of $4,000.00.

"(b) To pay the first party in cash $570.00.

"(c) And to sell and convey to the first party, and the first party agrees to accept from the second party at and for an agreed price of $14,000.00 that certain property described as follows, to-wit: * *

"Each party shall forthwith furnish to the other an Abstract of Title or Title Insurance prepared by a reputable abstracting company brought down to this date showing good and marketable title to their respective properties free from all encumbrances excepting only those above stated. Each party shall have five days after delivery of said abstract of title policy in which to examine same and a further period of 30 days after delivery of written notice of defects, to correct any defects, should any such appear.

"Each party agrees to convey his respective property to the other by good and sufficient warranty deed or bill of sale. Deeds to be delivered and transaction closed within 22 days from this date.

"Each party covenants and agrees to and with the other that he is the owner in fee simple of his respective property, that the same is free from all encumbrances except as above stated, and that he has the right to sell and convey the same.

"And in consideration of the mutual promises herein contained it is further agreed that should either party hereto fail to perform and carry out his part of this agreement, such party, so failing, shall pay all of the broker's commission below provided for, this promise being made directly for said broker's benefit.

"The undersigned brokers agree to aid and assist in consummating the foregoing exchange.

"J. S. SILSBY.                    (Seal)
"EDITH BROWN SILSBY.    (Seal)
"FRANK WOLF.                  (Seal)
"LONA WOLF.                    (Seal)

"Witnesses:

"GILBERT THOMSON.
"EMMA THOMSON.

"Brokers:

"THOMSON & THOMSON.

"Note—The wives of the contracting parties must also sign the above agreement. * *

"I hereby ratify and confirm the employment of Thomson and Thomson, real estate broker, to find and procure a purchaser for my property above described and in consideration of services performed by said broker in negotiating and bringing about the foregoing sale, hereby agree to pay said broker forthwith a commission of Six Hundred and no/100 Dollars.

"J. S. SILSBY.                    (Seal)
"EDITH BROWN SILSBY.    (Seal)

*      *      *      *      *      *      *      *      *      *

"I hereby ratify and confirm the employment of Thomson & Thomson, real estate broker, to find and procure a purchaser for my property above described and in consideration of services performed by said broker in negotiating and bringing about the foregoing sale, hereby agree to pay said broker forthwith a commission of Seven Hundred and no/100 Dollars.

"FRANK WOLF.    (Seal)
"LONA WOLF.      (Seal)."

After alleging the execution of the contract which, as stated, has been admitted, the plaintiffs aver that they performed all the terms of the contract which "were on their part to be performed, but that the defendants and each of them have failed and refused and still fail and refuse to consummate the exchange of properties contemplated by said written contract."

The plaintiffs further say that the defendants have refused and still refuse to pay the plaintiffs the sum of $1,300, or any part thereof. The Wolfs filed a demurrer on the ground that several causes of action have been improperly united but this was overruled. Answering, the Wolfs admitted the execution of the contract and the partnership of the plaintiffs and denied the allegation that the plaintiffs had performed all the terms of said contract which were on their part to be performed. They admit that the Silsbys have failed and refuse to consummate the exchange of properties contemplated by the written agreement. The answer of the Silsbys contain the same denials.

Affirmatively, the Wolfs aver in substance that, while they themselves have been ready and willing to consummate the contract, the Silsbys have refused to carry out the same on their part. After the denials of the Silsbys already mentioned, they charge that the Wolfs and the plaintiffs made certain representations as to the terms of payment of mortgages on the property of the Wolfs which they knew to be false. They likewise state that soon after the execution of the contract they became for the first time aware of the fraudulent nature of the representations mentioned, whereupon all the parties agreed to and did rescind the contract. The plaintiffs traversed these answers in their replies.

It seems that at the trial the plaintiffs introduced the contract and rested, whereupon the court, on motion of the defendants, nonsuited the plaintiffs and they have appealed.

1. At the outset, we must remember this is an action at law between the Thomsons as plaintiffs and the Wolfs and Silsbys as defendants. The plaintiffs are

not concerned about the strife between the defendants. The question to decide here is whether upon the face of the contract admitted in the pleadings the plaintiffs have a case sufficient to go to the jury as against a motion for nonsuit. Taken altogether, the admitted instrument declares the rights of all the parties growing out of the transaction embodied in the attempted exchange of properties. The pleadings show that as between the plaintiffs and each of the defendants both the latter have failed to carry out the agreement, the penalty of which, according to the contract, is that the failing party "shall pay all of the broker's commission below provided for, this promise being made directly for said broker's benefit." The provision for broker's commission is found in the portions of the writing signed first by the Silsbys and afterwards in identical terms by the Wolfs, the only difference between the two clauses being in the amount of money which each agrees to pay in the event the transaction should be carried out as originally designed by the agreement.

It is argued that the plaintiffs' case was faulty in that they had offered no proof of their traversed allegations that they had performed the terms of the contract on their part. It is said in the final clause of the agreement that "the undersigned brokers agree to aid and assist in consummating the foregoing exchange." Likewise it is stated in each of the supplementary clauses signed by the Silsbys and by the Wolfs that "in consideration of services performed by said broker in negotiating and bringing about the foregoing sale," they agree to pay the broker the sum of money mentioned in each separate clause. In this language there is a recital of the "services per-

formed by said broker in negotiating and bringing· about the foregoing sale." By Section 798, Or. L., this recital is conclusive proof as between the parties of a performed contractual consideration: *Sutherlin* v. *Bloomer*, 50 Or. 398 (93 Pac. 135). It shows beyond question that the plaintiffs did perform services in negotiating and bringing about the sale. Being thus contractual, it is not within the exception in clause 3 of Section 798, Or. L., relating to conclusive presumptions, and cannot be disputed.

2–4. It matters· not for present purposes whether the parties were before the court on a complaint in which causes of action were improperly united. The fact is they were all there, represented by counsel, having regularly appeared in the action and answered. All of them admitted the employment of the brokers. By the recital of the instrument which they signed they have conclusively admitted that the brokers did perform services in relation to the matter in dispute. This certainty shows at least enough evidence to take the case to the jury on behalf of the plaintiffs. Whether the Silsbys can prove as against the plaintiffs their allegations of fraud is not before us. It is enough to say that the plaintiffs had before the court enough testimony to defeat the motion for nonsuit.

The judgment is reversed.    REVERSED.

RAND, J., dissents.