Argued March 26, affirmed May 14, 1952

OSBORNE, ADMINISTRATOR *v.* GROPPO ET UX.
244 P. 2d 609

*Carlton R. Reiter* argued the cause for appellant. On the briefs were Stern & Reiter, of Portland.

*Dean F. Bryson,* of Portland, argued the cause and filed a brief for defendants.

Before HAY, Acting Chief Justice, and LUSK, LATOU-RETTE, TOOZE and WARNER, Justices.

LATOURETTE, J.

Plaintiff, as administrator of the estate of Elsie Erma Osborne Costello, deceased, instituted suit against Beppe Groppo and Alice B. Groppo, his wife, to have a certain deed, executed by decedent and her husband to defendants, declared a mortgage. After issue joined and trial had, the lower court entered a decree declaring the alleged deed a mortgage and found that there was due and owing defendants on said mortgage the sum of $5,950 principal, with interest from date of the mortgage at the rate of 6 per cent per annum. The real property involved was ordered sold

in the manner usual in cases of mortgage foreclosures. Plaintiff appealed on the sole ground that the court erred in fixing the indebtedness at $5,950, instead of $2,125, the amount claimed owing to defendants.

The deed held to be a mortgage by the trial court recited the following consideration:

"KNOW ALL MEN BY THESE PRESENTS, That GENE COSTELLO and ELSIE E. COS-TELLO, husband and wife, grantors, in consideration of — — — Five Thousand Nine Hundred Fifty and 00/100 — — — Dollars, to them paid by BEPPE GROPPO and ALICE B. GROPPO, husband and wife, do hereby grant, bargain, sell and convey unto the said grantees, * * *.
" * * * * * *

"The above consideration consists of the cancellation of grantors' note, secured by a mortgage on the within described property in the amount of $3,950.00 and an additional payment of $2,000.00 cash. Said note and mortgage was not in default at the time of this transaction. * * * "

Section 2-406(3), OCLA, follows:

"Conclusive presumptions. The following presumptions, and no others, are deemed conclusive:
" * * * * * *

"(3) The truth of the facts recited from the recital in a written instrument, between the parties thereto, their representatives or successors in interest by a subsequent title; but this rule does not apply to the recital of a consideration;".

■■ The above recited consideration consists of two parts: (1) the cancellation of a note and mortgage in the amount of $3,950, being contractual in nature, and (2) the payment of $2,000 cash. It is the law that where a consideration for a written contract is contractual, such consideration may not be varied by

parol evidence. *Biersdorf v. Putnam et al.,* 181 Or 522, 182 P2d 992; *Thomson et al. v. Silsby et al.,* 120 Or 501, 252 P 712. As to the recital in the conveyance of an additional payment of $2,000 cash, the grantor or mortgagor, as the case may be, may show by parol evidence that such sum was not, in fact, paid. *Marks v. Twohy Bros. Co.,* 98 Or 514, 194 P 675.

■ Plaintiff argues that the burden of proof is upon the defendants to show that such consideration has in fact been paid. He cites *Graber v. Boswell,* 94 Or 70, 181 P 986, 185 P 231, as authority for this assertion. This case is inapplicable since the mortgage there secured a note to cover future advances. The true rule is that the burden of proving lack or failure of consideration is upon the party asserting it. *Bennett v. Senn,* 106 Fla 446, 144 So 840; *Zographos v. Vichas,* 151 Or 31, 46 P2d 577; *Fletcher v. Yates et al.,* 105 Or 680, 211 P 179; Wiltsie, Mortgage Foreclosure (5th ed), 185, § 101; 152 ALR 1335.

■ Plaintiff offers some evidence in the nature of a self-serving declaration claimed to have been made by the deceased to Wesley J. Osborne, the administrator and sole heir, as follows:

"Q Tell the Court what happened.

"A I confronted my mother with this information I had. I told her it is twenty-five to twenty-eight hundred dollars Mr. Groppo tells me you borrowed against the house.

"* * * * * *

"A * * * She raised up on the davenport and says, 'He is a damn liar. It is twenty-one hundred dollars,' * * * ."

As between the solemn recital in the pretended deed, signed and acknowledged before a notary public, and the above declaration, and especially when testified

to by the sole heir of deceased, we believe that the trial court was correct in giving credence to the recital. Plaintiff relies somewhat on the account books of the defendant Groppo to bolster his position, but the evidence there adduced is largely negative rather than affirmative. Defendants testified, in explanation of the transactions involved and of the payment of $2,000 to deceased, to the satisfaction of the trial court.

■ It is asserted that since defendants steadfastly claimed the pretended deed to be a deed in fact and not a mortgage, in the light of the trial court's finding that the deed was a mortgage, their testimony is unworthy of belief in view of the statutory provision that a witness found false in one part of his testimony is to be distrusted in others. The fact that defendants claimed that the pretended deed was a deed and not a mortgage did not, by any means, dub them as falsifiers. The pretended deed had all the earmarks of a deed and, in addition, contained the following language: "This deed is intended as a conveyance, absolute in legal effect as well as in form, of the title to said premises to the grantees, and not as a mortgage, trust conveyance or security of any kind." The defendants could well have believed that the deed was what it purported to be. The fact that the trial court construed the deed as a mortgage under the facts and the law of the case does not necessarily compel the court to disbelieve the defendants. Of course, it would have the right to take such circumstances into consideration in appraising their testimony.

■ It is claimed that, since defendants did not produce a receipt from the deceased for the $2,000, their failure to do so would be evidence against them. The deed executed by the deceased, in which it is acknowl-

edged that $2,000 in cash was a part of the considera-
tion, is, in the opinion of the court, a most solemn
receipt.

■ The trial court heard and saw the witnesses and
arrived at the conclusion that the amount stated in
the pretended deed, to-wit: $5,950, was the correct
amount of the loan remaining unpaid to the Groppos.
The credibility of the witnesses of necessity played
a great part in the court's decision. It was in a much
better position than we to evaluate such testimony.
Since plaintiff failed to sustain the burden of proof,
the decree is affirmed.