ESTATE OF EDA MARTHA KRUEGER, deceased,
et al, *Respondents,*

*v.*

ROPP et ux, *Appellants.*

(No. 31241, SC 25375)

579 P2d 847

Harrison M. Weatherford, Albany, argued the cause for appellants. With him on the briefs were Weatherford, Thompson, Horton, Brickey & Powers, P.C., Albany.

C. S. Emmons, Albany, argued the cause for respondents. With him on the brief were Emmons, Kyle, Kropp & Kryger, Albany.

Before Denecke, Chief Justice, Bryson, and Lent, Justices, and Joseph, Justice Pro Tempore.

BRYSON, J.

Lent, J. concurring in part; dissenting in part.

**BRYSON, J.**

Plaintiffs, personal representative and sole beneficiary of the estate of Eda Martha Krueger, brought this suit to set aside deeds, to two separate parcels of land, from decedent to defendants and to enforce the terms of a land sale contract between decedent-vendor and defendants-purchasers covering the same two parcels.

Defendants contended and alleged that they had an oral contract with decedent which provided that defendants would perform certain services for decedent in exchange for which the balance of money due on the land sale contract would be cancelled at decedent's death and the property would be devised to defendants free and clear. Defendants contended that they had fully performed their part of the bargain and prayed for a decree dismissing plaintiffs' complaint and declaring the land sale contract between decedent and defendants to be paid in full and that they be declared owners in fee of the real property, free and clear of any claims of the plaintiffs.

After entering into the land sale contract, decedent executed two deeds in favor of defendants covering the two parcels of land. The trial court decreed that defendants held "the record title to said [two] parcels of real property * * * in trust for the benefit of the heirs and legatees of decedent, Eda Martha Krueger, and that plaintiff Ethel Wold is the sole beneficiary of said estate * * *." The trial court also fixed the amount due by defendants on the land sale contract and ordered the same to be paid by the defendants.[1] Defendants appeal.

A brief summary of the facts is as follows. On February 25, 1976, Eda Martha Krueger died testate

---

[1]The court also decreed as the "reward" intended by decedent to compensate defendants for their services that defendants would not have to pay certain interest due under the land sale contract. The court decided that this interest would be adequate payment for defendants' services. Plaintiffs have not cross-appealed from this portion of the decree.

at the age of 81 years, leaving plaintiff Ethel Wold as the sole beneficiary of her estate. Decedent was a maiden lady and lived on a tract of farm land in Benton County which she had inherited from her parents. We have reviewed all of the testimony and exhibits. The trial court made written findings of facts, and we reach the same conclusion and adopt the following from those findings.

"1. On November 5, 1968, Defendants and the decedent Krueger entered into a written land sale contract wherein Defendants purchased one parcel of land of approximately nine acres for $9,000, and a five year option, at $50 per year, to purchase approximately fifteen acres at $1,000 per acre. $1,000 was paid down upon execution. Interest at the rate of five percent was to be paid on the unpaid balance. Title was to be delivered upon payment in full. The seller had an option to tender a deed at any time if purchaser executed a promissory note secured by a mortgage or trust deed. Defendants agreed to pay taxes on the first parcel.

"2. On June 11, 1970, the decedent delivered a Warranty Deed to the Defendants for the first parcel and reciting that $9,000 was the true and actual consideration. The evidence establishes that the Deed was delivered for the purpose of enabling Defendants to obtain financing for the erection of a residence building on the property.

"3. On February 8, 1972, decedent without exercise of the option by Defendants, delivered a Warranty Deed to Defendants for the property under the option and reciting that the true and actual consideration paid was $16,000.

"* * * * *.

"5. The testimony is uncontradicted that the decedent refused to sign [acknowledging payment] a promissory note, Plaintiffs' Exhibit 1, or otherwise, in which she would agree that upon her death, title to the two parcels of land would pass to the Defendants free of the unpaid balance.

"* * * * *.

"7. Defendant's [sic] version of the oral contract with the decedent is an alleged contract to bequeath the

[ 476 ]

balance due on the two contracts of purchase at the time of death of the decedent. This oral contract was not established by the evidence, nor reduced to writing. * * *.

"\* \* \* \* \*.

"10. The balance due under the contract and option is $15,800, plus taxes on the first parcel, if unpaid, and option fees to date.

"\* \* \* \* \*."

We find substantial support for the above finding, that defendants did not establish an oral contract to extinguish or bequeath the balance due on the land sale contract upon decedent's death, from the following facts. Defendants had their attorney prepare an instrument for decedent's signature which provided that they would render certain services to Eda M. Krueger during her lifetime. This instrument was dated "May ——, 1972," and denominated a note showing the defendants owed decedent $24,947.30 as the balance on the land sale contract, including the option to purchase the additional 15 acres. This instrument then provided, "This note shall be and hereby is declared to be paid in full upon the death of Eda M. Krueger." Defendants presented this instrument to the decedent but she refused to sign the same. The defendants took the copy of this proposed instrument to decedent's then attorney. The attorney testified that he discussed the instrument with decedent but "she [decedent] said that she wasn't ready to make a final arrangement with Mr. Ropp."

Defendants first argue that plaintiffs' causes of suit were inconsistent and therefore not permitted. Plaintiffs' complaint stated three causes of suit. However, defendants did not raise this issue at trial, and we do not consider it here. As long as a complaint states a cause of action, it will be considered sufficient on appeal where the complaint was not attacked at the trial court level. *State v. Gourley,* 209 Or 363, 385-86, 306 P2d 1117 (1957); *Holmberg v. Prudential Savings & Loan Ass'n,* 130 Or 1, 9-10, 278 P 943 (1929).

Defendants' next and principal argument on this appeal is that the evidence was sufficient to establish a valid oral contract to forgive the balance due on the land sale contract at decedent's death. This is equivalent to an oral contract to devise or bequeath the real property or the balance due thereon at decedent's death.

An oral contract to devise or bequeath property must be proved by clear, concise, and convincing evidence.[2] *Paulson v. Paulson,* 241 Or 88, 91, 404 P2d 199 (1965); *Gill v. Hewitt,* 244 Or 242, 244, 417 P2d 399 (1966). "[P]roof by 'clear and convincing evidence' means that the truth of the facts asserted is highly probable." *Cook v. Michael,* 214 Or 513, 527, 330 P2d 1026 (1958); *Sheets v. B&B Personnel Systems,* 257 Or 135, 145, 475 P2d 968 (1970). Based on the above findings, we conclude that the defendants failed in their burden of proof and did not establish the oral contract as contended.

Thus, the only question that remained for the trial court was the amount and nature of consideration to be paid.[3] The trial court found that the land sale contract determined the amount of consideration to be paid. Although we review equity cases de novo, we

---

[2]Such contracts made after January 1, 1974, must be set out or expressly referred to in the will or be in writing signed by the decedent to be enforceable. ORS 112.270 provides:

"(1) A contract to make a will or devise, or not to revoke a will or devise, or to die intestate, executed after January 1, 1974, shall be established only by:

"(a) Provisions of a will stating material provisions of the contract;

"(b) An express reference in a will to a contract and extrinsic evidence proving the terms of the contract; or

"(c) A writing signed by the decedent evidencing the contract.

"* * * * *."

*See Johnson v. Wilson,* 276 Or 69, 77, 554 P2d 157 (1976), and *Lawrence v. Ladd,* 280 Or 181, 570 P2d 638 (1977).

[3]A recital of consideration in a deed is not conclusive, and the grantor may show "by parol evidence, that such sum was not, in fct, paid." *Osborne v. Groppo et ux,* 194 Or 692, 695, 244 P2d 609 (1952); *see also* ORS 41.350(3).

[ 478 ]

give substantial weight to the trial court's findings where, as in this case, those findings depend on the resolution of conflicting testimony and the credibility of the witnesses. *Fischl v. Aust,* 279 Or 181, 186, 566 P2d 518 (1977). We agree with the trial court.

This result still leaves the question of the status of the two deeds. The trial court declared the two deeds to be held in trust by defendants for decedent's devisee. There was no basis in the pleadings or in the evidence adduced at trial for imposing such a trust. The deed to the nine acres was given to defendants for the purpose of defendants being able to obtain a mortgage loan and construct a residence on the property. Plaintiffs do not challenge the validity of this deed, which is absolute on its face; however, defendants continued to make payments on the land sale contract after they received the deed to the nine acres. The deed covering the 15 acres is also absolute on its face. Plaintiffs attempted to prove that decedent's signature on the deed was a forgery, but the trial court found that it was not a forgery[4] and we agree with this finding. We also find that plaintiffs failed to establish fraud or undue influence in the execution of the deed. Therefore, there was no basis for imposing a trust as to the 15-acre deed. Although each deed is absolute on its face, the evidence clearly shows that the principal and interest in the land sale contract has not been paid by defendants. The contract expresses the intention of the parties as to the property described in the deeds and it remains paramount and a first and prior encumbrance on the real property as between the parties. Thus, the default provisions in the contract survive.

---

[4]Plaintiffs offered expert testimony that decedent's signature on the deed to the 15 acres was indeed a forgery. The acknowledgment to the signature on the deed was notarized by defendant Howard L. Ropp's father, and they were partners in a farming operation. The trial court found "[t]he evidence does not establish that the deed was a forgery although the circumstances surrounding its execution and delivery are suspect." We agree that the circumstances surrounding the execution are suspect, but there was other evidence offered on this issue, and we decline to disturb the trial court's findings.

We therefore modify the decree of the trial court to remove the trust imposed by the two deeds. In all other respects the trial court's decree is affirmed.

**LENT, J.,** concurring in part, dissenting in part.

I concur in the result and all portions of the opinion of the court except the discussion of the necessity of proof of the oral contract by "clear, concise, and convincing evidence" or "clear and convincing evidence." All the trial court and we are here doing is to resolve conflicts in the evidence. Necessarily we are "convinced" by the version which we find more probably true than false; i.e., that which we find believable. It doesn't really matter that the evidence is not at all "concise." *See* concurring opinion of Lent, J., in *Byers v. Santiam Ford,* 281 Or 411, 420, 574 P2d 1122 (1978). *See also Jensen v. Miller,* 280 Or 225, 229 n.1, 570 P2d 375 (1977).