Argued December 6, 1978, affirmed January 23, 1979

RUSSELL, et ux, *Respondents,*
*v.*
GULLETT, et ux *Appellants.*
(No. 7067, SC 25500)
589 P2d 729

Michael J. Gentry, Portland, argued the cause for appellants. With him on the brief was Tooze, Kerr, Peterson, Marshall & Shenker, Portland.

Irvin D. Smith, Burns, argued the cause and filed a brief for respondents.

Before Denecke, Chief Justice, and Tongue, Bryson, and Linde, Justices.

BRYSON, J.

## BRYSON, J.

The parties to this suit are neighbors and own adjoining property in Hines, Oregon. Plaintiffs, the Russells, brought the suit to establish their title by adverse possession to a portion of the property of defendants, the Gulletts. The following diagram, not to scale, shows the disputed area involved on appeal.

Plaintiffs claimed portions of defendants' front, side, and back yards. The trial court found that plaintiffs had proved their case only with respect to a strip of land in the back yard, where plaintiffs' predecessors in interest had built a clothesline, and a piece of land under the northeast corner of plaintiffs' garage. The defendants appeal. The only disputed land on appeal is the strip in the back yard. Defendants do not dispute the decree as to land under the garage. We review de novo.

■ Parties seeking to establish title to land by adverse possession must prove that their possession was "actual, open, notorious, hostile, continuous, and exclusive, under a claim of right or color of title, for a period of ten years." *Grimstad v. Dordan*, 256 Or 135, 139, 471 P2d 778 (1970); *Beaver v. Davis*, 275 Or 209,

211, 550 P2d 428 (1976); ORS 12.050. *See also Nelson v. Vandemarr*, 281 Or 65, 71, 573 P2d 1232 (1978).

■ Defendants contend that plaintiffs did not prove that their use of the strip of land in the back yard was exclusive for the necessary period. They argue that the evidence shows that "plaintiffs and defendants were making joint or common use of the clothesline and clothesline area," which would defeat the "exclusive" element of plaintiffs' case.

The plaintiffs' predecessors in interest were the Nyleens, who bought the southerly parcel in 1949. Defendant Jane Gullett, formerly Jane Brewington, has lived on the northerly parcel since 1951. Mr. and Mrs. Nyleen both testified that by 1951 or 1952—it is not clear exactly when—they built a clothesline in the area shown on the diagram. The clothesline was a substantial affair, consisting of metal pipes embedded in concrete. The Nyleens believed that the clothesline was within their property. The Nyleens always maintained the strip of land under the clothesline. The Brewingtons never stored any of their belongings on the strip and never used the clothesline except with permission from the Nyleens. The Nyleens' use of the clothesline area continued from 1952 to 1973, when they sold to the plaintiffs.

The Nyleens learned about the boundary question after they sold their house to plaintiffs.

The Gulletts built a fence on the original boundary line and this suit followed. The former Mrs. Brewington, now defendant Mrs. Gullett, testified that the clothesline was not built until 1962 or 1963; that she and her deceased husband used the clothesline area to store wood and old junk; that she and her deceased husband watered the lawn in that area; and that she used the clothesline without permission from the Nyleens.

■ Given this conflict in the testimony, the trial court chose to believe that the Nyleens had a more accurate

memory of the events.[1] We have said repeatedly that we defer to the trial court's assessment of the credibility of witnesses. *Day v. Griffith*, 283 Or 393, 396, 584 P2d 261 (1971); *Krueger v. Ropp*, 282 Or 473, 478-79, 579 P2d 847 (1978); *Fischl v. Aust*, 279 Or 181, 186, 566 P2d 518 (1977). We have also reviewed the testimony and accept the Nyleens' version of the facts, as did the trial court. That version shows that from 1952 until 1973 the Nyleens used the property in a way that satisfied the test stated above to establish title by adverse possession. In particular, their use satisfied the exclusivity requirement, which does not require absolutely exclusive use, but only such use as would be " 'expected of an owner under the circumstances.' " *Nelson v. Vandemarr*, 281 Or 65, 74, 573 P2d 1232 (1978), quoting *Grimstad v. Dordan*, 256 Or 135, 141, 471 P2d 778 (1970). *See also Norgard et al v. Busher et ux*, 220 Or 297, 308, 349 P2d 490 (1960). Allowing the neighbors to use the clothesline is such an expected use.

The cases cited by defendants are not contrary to this result. Those cases merely reached different results on different facts. We see no need to discuss them further in this opinion.

Affirmed.

---

[1] The trial court stated to Mrs. Gullett at the end of trial: "* * * But I just don't believe that you cut it there to defeat the claim of adverse possession so far as the clothes line area * * * "