## SCHREINER, *Respondent,*
### *v.*
## BANTON, et al, *Appellants.*
### (No. 36-282, CA No. 11109)
595 P2d 510

Robert L. Fulkerson, Portland, argued the cause for appellants. With him on the brief was Banton & Fulkerson, Portland.

Joe Bailey, Hillsboro, argued the cause for respondent. On the brief was Schwenn, Bradley & Batchelor, Hillsboro, and Gearin, Landis & Aebi, Portland.

Before Schwab, Chief Judge, and Thornton, Lee and Gillette, Judges.

LEE, J.

**LEE, J.**

After denial of a claim which was filed against decedent's estate for approximately 23 years of services performed for decedent commencing in 1952, plaintiff filed a suit for specific performance of an oral contract to make a will. The court found for plaintiff and ordered specific performance.

Defendant contends that (1) there was no clear and convincing evidence to support the finding and (2) that plaintiff failed to produce "some competent, satisfactory evidence" other than his own testimony as required by ORS 115.195.[1] We affirm.

This court reviews suits in equity de novo on the record. ORS 19.125(3). An oral contract to devise or bequeath property must be proved by clear and convincing evidence. *Krueger v. Ropp*, 282 Or 473, 478, 579 P2d 847 (1978). To be entitled to specific performance of an oral contract, an offer must be so definite in its terms or require such definite terms in the acceptance, that promises and performances to be rendered by each party are reasonably certain. *Friesen v. Fuiten*, 257 Or 221, 230, 478 P2d 372 (1970); Restatement of Contracts § 32 (1932).

At trial plaintiff testified that decedent, Mrs. Riley, offered to leave him the "estate" when she and her husband were gone if plaintiff would stay and help them take care of the farm and care for them if they became ill. Other witnesses verified different pieces of this story and recalled it with differing degrees of completeness, but no piece of evidence offered by either side contradicted it. Indeed, Mrs. Weston, a friend of Mrs. Riley's, testified that Mrs. Riley told her that the Rileys had offered plaintiff a place to live, saying that "if he would stay and help them he would get everything when they were gone."

[1] ORS 115.195 provides:
"A claim that has been disallowed by the personal representative may not be allowed by any court except upon some competent, satisfactory evidence other than the testimony of the claimant."

The only ambiguity in the evidence concerning the agreement involves the scope of "the estate" covered by the promise. The estate included a dairy farm and certain other property. Some witnesses testified that plaintiff was to receive "the farm," others referred to "the property," "the estate," or "everything." In any event, it is clear that plaintiff was to receive *at least* the farm and that plaintiff performed his part of the bargain. After considering the testimony, the trial court ruled that plaintiff was to have the dairy farm and appurtenances but not the whole estate. We agree.

■ Assuming, arguendo, that ORS 115.195 applies, the testimony of Mrs. Weston, quoted above, satisfied the requirement of that statute.

Affirmed.