Argued and submitted August 9, affirmed September 15, 1985

## DIVISION NO. 757 OF THE AMALGAMATED TRANSIT UNION OF PORTLAND, OREGON, AFL-CIO, *Appellant,*

*v.*

## TRI-COUNTY METROPOLITAN TRANSPORTATION DISTRICT OF OREGON, *Respondent.*

(CC A8507-04674; SC S32008)

704 P2d 1149

David S. Paull, of Aitchison, Imperati, Paull, Barnett & Sherwood, P. C., Portland, and Joseph Freitas, of Neyhart, Anderson, Nussbaum, Reilly & Freitas, San Francisco, California, argued the cause for appellant. With Mr. Paull on the application was James S. Coon, Portland.

Richard Liebman and James H. Clarke, of Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland,

argued the cause for respondent. With Mr. Liebman on the memorandum in opposition was William F. Lubersky and Richard N. VanCleave, Portland.

Before Peterson, Chief Justice, and Lent, Linde, Roberts, Carson and Jones, Justices.

PER CURIAM

## PER CURIAM

Plaintiff, Division 757 of the Amalgamated Transit Union (ATU or Local 757), petitioned the circuit court under ORS 33.220[1] and ORCP 79[2] to compel interest arbitration pursuant to its contract with defendant, Tri-County Metropolitan Transportation District of Oregon (Tri-Met), and requested:

"1) That the Court order Tri-Met to submit all issues remaining in dispute between it and Local 757 to binding interest arbitration pursuant to the terms of the section 13(c) agreement between the parties.

"2) That the Court issue an injunction ordering Tri-Met to continue to abide by and comply with all the terms and conditions of the existing collective bargaining agreement with Local 757 until such time as a final award is issued for a new collective bargaining agreement by the board of arbitration, as provided by the 13(c) agreement between the parties.

"3) That this Court issue an Order to Show Cause and Temporary Restraining Order prohibiting Tri-Met from changing any of the terms and conditions of the existing collective bargaining agreement prior to the hearing on the Order to Show Cause."

Circuit Judge Clifford B. Olsen denied ATU's petition for relief. ATU then appealed directly to this court under ORS 662.120 for an expedited hearing and decision.

ATU and Tri-Met executed a collective bargaining agreement May 1, 1982, which was to expire April 30, 1985. The parties also previously had entered into a so-called "section 13(c) agreement" in 1980 so that Tri-Met would continue to qualify for federal funds under section 1609(c) of

---

[1] ORS 33.220 provides:

"A provision in any written contract to settle by arbitration a controversy thereafter arising out of such contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between persons to submit to arbitration any controversy then existing between them, shall, provided the arbitration is held within the State of Oregon, be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."

[2] ORCP 79 provides a procedure for obtaining temporary restraining orders and preliminary injunctions; however, the rule does not modify "any statute or rule of this state relating to temporary restraining orders or preliminary injunctions affecting employer and employee." ORCP 79E.(3).

the Urban Mass Transportation Act, 49 USC § 1601 *et seq* (1976) (UMTA). The parties had not agreed to a new collective bargaining agreement when the 1982 agreement expired on April 30, 1985. The agreement was extended by the parties beyond April 30, 1985, and negotiations continued. Tri-Met later informed ATU that on August 1, 1985, it would no longer extend the agreement and that it would unilaterally impose its final offer, which would reduce the salary of most of the Local 757 members and make other significant changes. On July 23, 1985, ATU demanded interest arbitration[3] and Tri-Met refused ATU's demand.

ATU then commenced this litigation in the circuit court. Judge Olsen rendered his order denying relief on August 5, 1985, and stayed the action of Tri-Met imposing its unilateral offer until 5 p.m., Friday, August 9, 1985. This court heard argument on Friday, August 9, 1985, and granted a further stay until 5 p.m., Wednesday, August 14, 1985, when it ordered that the stay would expire with this opinion to follow.

ATU claims that if Tri-Met is allowed to implement its unilateral change in the terms and conditions of employment of Local 757's members, the union members will suffer irreparable damage. Tri-Met, on the other hand, claims that

---

[3] The agreement contained the following mandatory arbitration clause:

"17(a) In the event of any labor dispute involving the District and the employees covered by this agreement which cannot be settled within thirty (30) days after such dispute first arises, such dispute may be submitted at the written request of either the Union or the District to a board of arbitration selected in accordance with the existing collective bargaining agreements. * * * The decision by majority vote of the arbitration board shall be final, binding and conclusive and shall be rendered within forty-five (45) days from the date the neutral member is appointed. All contract terms and conditions shall remain in effect until the award is issued. Awards made pursuant to said arbitration may include full back pay and allowances to employee-claimants. The salaries and expenses of the neutral member shall be borne equally by the parties to the proceedings, and all other expenses shall be paid by the party incurring them. The term 'labor dispute' shall be broadly construed and shall include, but not be limited to, any controversy concerning wages, salaries, hours, working conditions or benefits, including health and welfare, sick leave, insurance, or pension and retirement provisions, the making or maintaining of collective bargaining agreements, the terms to be included in such agreement and the interpretation or application of such collective bargaining agreements, any grievances that may arise, and any controversy arising out of or by virtue of any provision of this agreement. Nothing in this paragraph, or agreement, shall be construed to enlarge or limit the right of the employees covered by this agreement, or their employer, to utilize upon expiration of any collective bargaining agreement or otherwise any economic measures that are not consistent or in conflict with the collective bargaining agreement or applicable law."

any stay or compulsory arbitration will cause Tri-Met to sustain enormous losses and that "Tri-Met is going down the tube and continuing service to the Metropolitan community is severely threatened if operating costs are not reduced immediately by implementation of its final offer."

The first issue we address is whether ATU pled and proved any sufficient facts under ORS chapter 662 for the trial court to grant any injunctive relief. We hold that it did not.

■ The primary purpose of ORS chapter 662 was to restrict court intervention in labor disputes. ORS chapter 662 is anti-injunction legislation. *Louisiana-Pacific v. Lumber and Sawmill Workers*, 296 Or 537, 679 P2d 289 (1984). ORS 662.050 provides that "[n]o court, nor any judge thereof, shall have jurisdiction to issue any restraining order or temporary or permanent injunction in any case involving or growing out of any labor dispute" arising from nine specific circumstances.[4] If a judge acts on a request for a temporary injunc-

---

[4] ORS 662.050 provides:

"No court, nor any judge thereof, shall have jurisdiction to issue any restraining order or temporary or permanent injunction in any case involving or growing out of any labor dispute to prohibit any person or persons participating or interested in such dispute from doing, whether singly or in concert, any of following acts:

(1) Ceasing or refusing to perform any work or to remain in any relation of employment.

(2) Becoming or remaining a member of any labor organization or of any employer organization, regardless of any undertaking or promise, as is described in ORS 662.030.

(3) Paying or giving to, or withholding from, any person participating or interested in such labor dispute, any strike or unemployment benefits or insurance, or other moneys or things of value.

(4) By all lawful means aiding any person participating or interested in any labor dispute who is being proceeded against in, or is prosecuting, any action or suit in any court of the United States or of any state.

(5) Giving publicity to the existence of, or facts involved in, any labor dispute, whether by advertising, speaking, patrolling or by any other method not involving fraud or violence or intimidation.

(6) Assembling peaceably to act or to organize to act in promotion of their interests in a labor dispute.

(7) Advising or notifying any person of any intention to do any of the acts specified in subsections (1) to (6) of this section.

(8) Agreeing with other persons to do or not to do any of the acts specified in subsections (1) to (7) of this section.

tion, ORS 662.120 provides for immediate review by this court. ORS 662.120 reads:

> "Whenever any court or judge thereof issues or denies any temporary injunction in a case involving or growing out of a labor dispute, the court shall, upon the request of any party to the proceedings and on his filing the usual bond for costs, forthwith certify, as in ordinary cases, the record of the case to the Supreme Court for its review. Upon the filing of such record in the Supreme Court, the appeal shall be heard and the temporary injunctive order affirmed, modified or set aside with the greatest possible expedition, giving the proceedings precedence over all other matters, except older matters of the same character."

Although ORS 662.050 was geared to keep courts from issuing temporary injunctions in labor disputes and ORS 662.120 was designed to provide immediate review if any court did so, nevertheless ORS 662.120 covers cases where there has been a petition for a temporary injunction in a labor dispute case and the court denies that requested relief. This is such a case.

However, before this court can affirm, modify or set aside the issuance or denial of any temporary injunction, the party seeking relief must have complied with ORS 662.080 in the trial court. ORS 662.080 provides:

> "No court, nor any judge thereof, shall have jurisdiction to issue a temporary or permanent injunction in any case involving or growing out of a labor dispute, except after hearing the testimony of witnesses in open court, with opportunity for cross-examination, *in support of the allegations of a complaint* made under oath, and testimony in opposition thereto, if offered, and except after findings of fact by the court, to the effect:
>
> (1) That unlawful acts have been threatened and will be committed unless restrained, or have been committed and will be continued unless restrained, but no injunction or temporary restraining order shall be issued on account of any threat or unlawful act excepting against the persons, association or organization making the threat or committing the unlawful

---

(9) Advising, urging or otherwise causing or inducing without fraud or violence or intimidation, the acts specified in subsections (1) to (8) of this section, regardless of any undertaking or promise, as is described in ORS 662.030."

act or actually authorizing or ratifying the same after actual knowledge thereof.

(2) That substantial and irreparable injury to complainant's property will follow.

(3) That as to each item of relief granted greater injury will be inflicted upon complainant by the denial of relief than will be inflicted upon defendants by the granting of relief.

(4) That complainant has no adequate remedy at law.

(5) That the public officers charged with the duty to protect complainant's property are unable or unwilling to furnish adequate protection." (Emphasis added.)

ATU failed to allege or prove all five prerequisite facts set forth in ORS 662.080.

 Because ORS 662.080 provides that no court shall have jurisdiction to issue a temporary injunction without allegations and proof of these prerequisite facts, it follows that the circuit court was correct in denying relief to ATU.[5]

The order of the circuit court is affirmed.

---

[5] The circuit judge denied relief on the ground that the delegation of the labor dispute for decision by private arbitrators was an unconstitutional delegation of public power. This court need not reach that issue.