Argued and submitted April 21, affirmed October 11, 1995

Douglas R. JOHNSON
and Patricia A. Johnson,
*Appellants,*

*v.*

Millard M. BECKER
and Evelyn Becker, husband and wife,
and also all other persons or parties unknown
claiming any right, title, lien or interest in
the property described in the complaint herein,
*Respondents.*

Millard M. BECKER
and Evelyn Becker, husband and wife,
*Counterclaim Respondents,*
*and*

Edward PERKINS;
Kelly McNamara; James Perkins;
Mary Perkins; Robert Perkins;
Theresa Perkins; Marsh Perkins;
Thomas Lorentz; Germaine Ius; Pete Lombard;
Robert Alton and Linda Alton,
*Third-Party Respondents,*

*v.*

Douglas R. JOHNSON
and Patricia A. Johnson,
*Counterclaim Appellants.*

(930798; CA A84772)

903 P2d 901

Stephen C. Palmer and Dennis J. Wine argued the cause and filed the brief for appellants. With Stephen C. Palmer on the reply brief was Wine & Weller.

Lee M. Hess argued the cause for respondents. With him on the brief was Becker, Hunt & Hess.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Plaintiffs appeal from a judgment declaring that the public has acquired a prescriptive easement across plaintiffs' property and enjoining plaintiffs and their successors in interest from obstructing use of the easement as a roadway. Plaintiffs contend the trial court erred in finding that the prescriptive use was continuous for the statutory period of ten years. We review *de novo*, ORS 19.125(3), and affirm.

Plaintiffs, the owners in fee simple of tax lot 4419, filed a quiet title action with regard to the lot. The lot connects two segments of Lee Avenue, which extends to the north and south of the lot, in Lincoln County. Defendants counterclaimed for a decree that the public has established a prescriptive easement across the lot for use as a roadway.

The facts are largely undisputed, with the exception of whether public use of the lot as a roadway was continuous for the statutory period of ten years. Plaintiffs claim that their predecessors in interest, Vivian Reed and her husband, barricaded the lot at sufficient intervals to defeat establishment of a prescriptive easement. Defense witnesses testified that they had used the lot as a roadway since as early as 1966, and had never seen any evidence of a barricade on the lot until it was purchased by plaintiffs in 1991.

■　　To establish a prescriptive easement, one must show, by clear and convincing evidence, open and notorious use of land adverse to the rights of another for a continuous and uninterrupted period of ten years. *Thompson v. Scott*, 270 Or 542, 546, 528 P2d 509 (1974); *House v. Hager*, 130 Or App 646, 650-51, 883 P2d 261, *rev den* 320 Or 492 (1994); ORS 12.050.

■　　Plaintiffs' witnesses testified to various occasions when barricades were placed on the lot. Reed, from whom plaintiffs purchased the lot in 1991, had owned the lot since 1944, when she and her husband acquired a large tract of land in the area now known as Roads End in Lincoln County. In the late 1950's or early 1960's, the Reeds began subdividing the Roads End tract and selling individual lots. Reed testified that between that time and her husband's death in 1978, she accompanied him to the lot to erect barricades "several times a year on some years and there might be another year that we

missed.'' Reed testified that after her husband's death, on one occasion in 1979 or 1980, she accompanied Tim Johnson[1] to erect barricades at the lot.

Johnson testified that he erected barricades for Reed on three occasions between approximately 1980 and 1982. Johnson testified that on one other occasion, in 1987, 1988 or 1989, he hired a young man named Richard to barricade the lot. Johnson testified that he checked the lot within a few days, saw that the barricade had been taken down, and repaired it.

Defendants presented testimony from thirteen witnesses, most of whom own real property near the lot. Generally, those witnesses testified that they used the lot as a roadway, that they had not observed barricades on the lot until it was purchased by plaintiffs in 1991, and that neighbors maintained the roadway by periodically placing gravel on it and trimming encroaching brush, which is maintenance work that was typical of work on all the roads in the area. Some of the witnesses testified to using the lot as a roadway since 1966. Witnesses also testified that the roadway was the sole egress from properties on Lee Avenue, south of the lot, until the late 1980's or early 1990's, when passable segments of Lee Avenue and 50th Street were connected. Defendants also introduced a series of aerial photographs of the lot and its vicinity between 1952 to 1984 to corroborate that testimony.

The trial court found that use of the lot as a roadway by the public was continuous and known to Reed and her husband, and was open, notorious, obvious, hostile and adverse to the interests of the Reeds for more than ten years before the conveyance of the lot to plaintiffs. The trial court based its conclusion on its finding that ''the evidence on placing of barricades prior to 1991 [was] not credible and [was] contradicted by other, more persuasive testimony.'' Specifically, the trial court found that testimony by plaintiffs' witnesses ''to the effect they placed barricades over [the lot] is, to put it mildly, overwhelmed by the defense witnesses who said they never saw any evidence of a barricade on [the lot].'' Furthermore, the trial court found that the evidence of when

---

[1] Tim Johnson is not related to plaintiffs.

the barricades were placed was "so very weak as to make the predicate assertion wholly without evidentiary merit."[2]

■     Although we review *de novo*, we give considerable weight to the trial court's findings when testimony is in dispute, because that court had the opportunity to see and hear the witnesses testify. *See Russell v. Gullett*, 285 Or 63, 66-67, 589 P2d 729 (1979); *Seitz v. Albina Human Resources Center*, 100 Or App 665, 674, 788 P2d 1004 (1990). We have reviewed the testimony. Giving due weight to the trial court's findings, we agree that defendants proved, by clear and convincing evidence, that the public has established a prescriptive easement across plaintiffs' lot for a roadway.

Affirmed.

---

[2] For example, regarding Johnson's testimony, the trial court stated:

"[He] was very fuzzy on dates. In fact, he was unsure of when his father served Lincoln County as Assessor. While I accept his testimony that *something* happened during his association with Mrs. Reed, I do not find his testimony as to *when* those things happened to be persuasive."

(Emphasis in original.)