Randy HAGER
and Linda Hager,
*Appellants,*

*v.*

TIRE RECYCLERS, INC.,
a Washington corporation,
Developers Insurance Company,
a California corporation,
and Contractors Bonding and Insurance Company,
a Washington corporation,
*Defendants,*

*and*

GROAT BROTHERS, INC.,
a Washington corporation,
*Respondent.*

(9211-08008; CA A82492)

906 P2d 842

James M. Callahan and Callahan & Shears, P.C., for motion.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Defendant Groat Brothers, Inc. (Groat) moves for reconsideration of our opinion, 136 Or App 439, 901 P2d 948 (1995), in which we held that the trial court erred in entering a directed verdict in favor of Groat on plaintiffs' claim for intentional trespass. We grant the motion, modify our opinion and adhere to it as modified.

We state only a brief summary of the relevant facts. Plaintiffs complained that Groat committed intentional trespass when, by removing waste tires from property upstream from plaintiffs' land, it caused 263 tons of silt to flow onto plaintiffs' property. Groat asserted the defenses of consent, and two separate types of privilege: a common law privilege based on "public necessity" and a statutory privilege based on ORS 459.780.[1] The trial court dismissed the statutory privilege defense before trial, and that decision has not been challenged on appeal. The trial court then found that plaintiff had consented to the trespass and entered a directed verdict for Groat and Tire Recyclers, Inc. (Tire Recyclers) on that basis. Plaintiffs appealed, arguing that there was no evidence of consent. Groat responded that the trial court correctly entered the directed verdict, albeit for different reasons. Groat asserted a defense of privilege, based on *Restatement (Second) of Torts* § 211 (1965).[2] According to Groat, because it had been ordered to remove the tires by the Department of Environmental Quality, in accordance with ORS 459.780, any trespass reasonably necessary to the performance of that obligation was privileged. We held that there was no evidence of consent and that the statutory authority defense was not properly before us, the only defense mentioning ORS 459.780 having been dismissed from the case before trial. *Hager*, 136 Or App at 444 n 3.

Groat now argues that we erred in concluding that the statutory authority defense was not properly before us. It

---

[1] ORS 459.780(4) provides that the Department of Environmental Quality "may abate any danger or nuisance created by waste tires * * *."

[2] Section 211 of the *Restatement* provides:

"A duty or authority imposed or created by legislative enactment carries with it the privilege to enter land in the possession of another for the purpose of performing or exercising such duty or authority insofar as the entry is reasonably necessary to such performance or exercise * * *."

argues that the allegations in its public necessity defense "are broad enough to encompass" its defense based on section 211 of the *Restatement*. In support of that argument, Groat asserts that that is how the parties understood the defense, as illustrated by plaintiffs' own briefing at trial and the arguments on the motion for a directed verdict. We are unpersuaded.

Plaintiffs' briefing does mention section 211 of the *Restatement*, but it does so in response to the allegations of defendant Tire Recyclers' answer and affirmative defenses, not those of Groat. Tire Recyclers alleged as affirmative defenses the privilege of public necessity, based on *Restatement (Second) of Torts* § 196 (1965),[3] the privilege of statutory authority, based on ORS 459.780, and the qualified privilege based on *Restatement (Second) of Torts* § 211. Groat alleged only the first two, and not the third.

As for the oral argument, our careful review of the transcript of proceedings reveals no discussion of section 211 of the *Restatement*. Tire Recyclers raised plaintiffs' consent as a basis for its motion for a directed verdict. It later mentioned as an alternative ground for the motion the fact that it was abating a "nuisance" and "avert[ing] an imminent public disaster." Groat joined in that motion and made no mention of the entirely distinct affirmative defense that it now asserts. Groat insists that, when Tire Recyclers mentioned abating a "nuisance," it was raising the defense based on section 211 of the *Restatement*. Tire Recyclers' briefing on the point, however, is to the contrary. It identifies the nuisance defense as wholly distinct from the section 211 defense.

Groat also requests that we reconsider our decision to reverse the trial court's entry of a directed verdict on punitive damages. We decline to revisit that issue.

Reconsideration allowed; opinion modified and adhered to as modified.

---

[3] The privilege of public necessity is limited to action necessary to avert an impending public disaster, "such as a conflagration, flood, earthquake or postilence." *Restatement (Second) of Torts* § 196, *comment a* (1965).