Argued and submitted June 24, circuit court's order vacated July 18, 1997

ROBERT LLOYD SHEET METAL, INC.,
an Oregon Corporation,
*Respondent,*

*v.*

SHEET METAL WORKERS' INTERNATIONAL
ASSOCIATION, LOCAL UNION 16,
an Oregon Labor Union,
and Mike Anderson,
*Appellants.*

(CC 97 P-1041; SC S44145)

940 P2d 1214

Norman D. Malbin, Portland, argued the cause and filed the brief for appellants.

Robert J. Thorbeck, Salem, argued the cause and filed the brief for respondent.

GRABER, J.

Fadeley, J., filed a concurring opinion.

## GRABER, J.

This is a proceeding under ORS chapter 662. Robert Lloyd Sheet Metal, Inc. (employer), sought and obtained a temporary injunction against Sheet Metal Workers' International Association, Local Union 16 (Local 16) and Mike Anderson, one of its organizers. The order of temporary injunction prohibits Local 16 and Anderson "from entering upon [employer's] real property," "from entering upon property not owned by [employer] but where [employer] is performing contract work—during all hours when [employer] or its employees are engaged in work activities," and "from interfering with [employer's] employees while they are on-the-job, during working hours."

■     Local 16 and Anderson bring the present appeal from that order. ORS 662.120 provides for direct review by this court. In *Louisiana-Pacific v. Lumber and Sawmill Workers*, 296 Or 537, 545, 679 P2d 289 (1984), this court held that it reviews such matters "anew upon the record," because the proceeding is one in equity as to which this court has sole appellate review. (Quoting ORS 19.125(3).) Even when this court reviews an equity case *de novo*, however, it gives substantial weight to the trial court's findings when those findings call for resolution of conflicts in testimony or assessment of the credibility of witnesses. *Krueger v. Ropp*, 282 Or 473, 478-79, 579 P2d 847 (1978). For the reasons that follow, we vacate the order of temporary injunction.

### FINDINGS OF FACT

Employer manufactures and installs sheet metal products in Washington, Idaho, California, and Oregon. On job sites, employer is not the general contractor; it is a subcontractor. It generally provides heating, ventilating, and air conditioning systems. Employer has more than 60 employees in Oregon and Washington.

Construction job sites are "restricted access places." The general contractor at each site establishes a posted set of rules and procedures directing how visitors are to enter. Ordinarily the visitor is to go to the general contractor's job shack, explain the purpose of the visit, agree to abide by

safety rules, and obtain a visitor's permit. Subcontractors, such as employer, are expected to comply with the same rules.

Local 16 is a labor organization. Anderson has been an organizer for Local 16 since November 1994. Anderson goes to job sites with the primary purpose "to organize." For about two years, Local 16 and Anderson have been soliciting employer's employees for union membership. The following findings of fact relate to the activities of Anderson and other representatives of Local 16 that gave rise to the present proceeding.

At employer's own shop in Independence, Oregon, representatives of Local 16 have trespassed on employer's property. On one such occasion, police questioned the individuals involved, but on other occasions the representatives of Local 16 left before the police arrived.

On another occasion, at Washington State University, Anderson assaulted one of employer's workers, on the job site and during working hours. That event took place a little over a year before the hearing in this case. As a result of his actions, Anderson was charged with criminal assault and battery; he pleaded no contest to an "offense" of disorderly conduct.

At a job site in the Eugene-Springfield area, Anderson and another representative of Local 16 disturbed an employee of employer, during a work-related meeting and during working hours. The employee complained to employer about the incident.

At a job site involving Lewis & Clark College, Anderson and other representatives of Local 16 came to the site. As employer's senior project manager testified, "the general contractor had requested that they check in at the office job shack and they did not comply with that. They were then given a letter by Hoffman Construction to stay off the premises unless they utilized the correct procedures." They did not comply with that letter.

Anderson declined to use the established procedures for entering the job site at the Washington Community Action Center.

At three additional job sites, employees of employer complained to employer's senior project manager about Anderson's "harassing" behavior, and they asked the project manager to stop Anderson from delaying or interfering with their work.

The activities of Local 16 and Anderson at employer's job sites have increased over time. In the three months preceding the hearing, Anderson had visited about 18 job sites at which employer was a subcontractor. According to Anderson's own testimony, during that period he talked to employees of employer during working hours, and while they were actually working, at four construction sites.

When Anderson approaches a person who is working, he leaves if the person asks him to, but otherwise he engages the person in conversation. He explained that he talks to people who are working because "individuals are more prone to talk when there aren't any other people around."

Employer wrote to Local 16 on May 5, 1995, asking its representatives not to contact workers while they are on the job working at their job tasks. Local 16 has not complied with that request.

Also on May 5, 1995, employer promulgated a no-solicitation policy, primarily as a response to the activities of Local 16. The policy provides in part that nonemployees are not allowed on company premises for the purpose of soliciting, that literature of any type may not be distributed in work areas, and that job sites are not open for solicitation of any type. Local 16 has not complied with that policy.

Anderson's position is that he need not leave a construction site at employer's request, because he doubts employer's authority to make those requests. He leaves a job site only "if the [general] contractor asks" him to leave. He does not leave if a subcontractor such as employer asks him to leave.

## RELEVANT STATUTORY PROVISIONS

The legislature has limited the circumstances in which a court may issue an injunction in any case involving a

labor dispute. ORS 662.080 provides that such an injunction may issue only after a hearing and

"after findings of fact by the court, to the effect:

"(1) That unlawful acts have been threatened and will be committed unless restrained, or have been committed and will be continued unless restrained, but no injunction or temporary restraining order shall be issued on account of any threat or unlawful act excepting against the persons, association or organization making the threat or committing the unlawful act or actually authorizing or ratifying the same after actual knowledge thereof.

"(2) That substantial and irreparable injury to complainant's property will follow.

"(3) That as to each item of relief granted greater injury will be inflicted upon complainant by the denial of relief than will be inflicted upon defendants by the granting of relief.

"(4) That complainant has no adequate remedy at law.

"(5) That the public officers charged with the duty to protect complainant's property are unable or unwilling to furnish adequate protection."

This court has stated that "[t]he primary purpose of ORS chapter 662 was to restrict court intervention in labor disputes. ORS chapter 662 is anti-injunction legislation." *Div. 757 of the ATU v. Tri-Met*, 299 Or 585, 589, 704 P2d 1149 (1985).

In addition to requiring that any injunction be supported by the facts found, ORS 662.110 limits the scope of an injunction involving a labor dispute to prohibit "only * * * such specific acts as may expressly be complained of in the bill of complaint or petition filed in such case."

## ANALYSIS OF LEGAL ISSUES

In the present case, the parties agree that there was a labor dispute as defined in ORS 662.010(1). A hearing was held as required by ORS 662.080. Local 16 acknowledges that it knew of, and actually authorized or ratified, Anderson's acts.

Local 16 and Anderson raise two main arguments. The first is that federal law precludes an injunction, because organizing activity is protected by the National Labor Relations Act, 29 USC § 151 *et seq*. The second argument is that the record fails to support findings on the five elements required by ORS 662.080. We need to reach only one issue related to the second argument, because we conclude that, on the present record, the requirement of ORS 662.080(1) is not met.

As noted, the first requirement under ORS 662.080 is that unlawful acts have been committed and will continue unless restrained.[1] Employer argues that Local 16 and Anderson have committed three types of unlawful acts that will continue unless restrained. We consider each type in turn.

■ First, employer points to the events that led to Anderson's conviction in Washington for disorderly conduct. Anderson testified that, as a result of that incident, he learned a lesson: "Don't touch anybody." Based on Anderson's testimony and on the fact that the record does not demonstrate any assaultive conduct for more than a year after that incident occurred, we are not persuaded that similar unlawful acts are likely to continue.

■ The second type of unlawful act on which employer relies is criminal trespass on its own premises. However, in its petition for an injunction, employer did not seek to enjoin entry onto its own premises. Under ORS 662.110(2), no injunction is available against activity not expressly complained of in the petition. Although such acts may bear on the state of mind of Anderson and other representatives of Local 16, because of employer's limited petition we need not consider whether that specific form of criminal trespass will continue unless restrained.

■ The final type of unlawful act about which employer complains is criminal trespass on construction sites where

---

[1] Neither Local 16 nor Anderson *threatened* any unlawful acts, so we need not address the part of the statute dealing with "unlawful acts [that] have been threatened and will be committed unless restrained." For simplicity, we refer only to unlawful acts that "have been committed and will be continued unless restrained." ORS 662.080(1).

employer is a subcontractor. As relevant, employer seeks to enjoin Local 16 and Anderson from "[e]ntering upon any job site within the State of Oregon during working hours where [employer's] employees are at task and soliciting from or talking to or interfering with [employer's] employees at such locations and during such times.

Criminal trespass in the second degree is a Class C misdemeanor. ORS 164.245(2). ORS 164.245(1) provides:

> "A person commits the crime of criminal trespass in the second degree if the person enters or remains unlawfully in or upon premises."

ORS 164.205(3)(a) defines "[e]nter or remain unlawfully" as:

> "To enter or remain in or upon premises when the premises, at the time of such entry or remaining, are not open to the public or when the entrant is not otherwise licensed or privileged to do so."

This court has held that, "under ORS 164.245, the state must prove, not only that the person in charge directed the defendant to leave the premises, *but also* that the direction to leave the premises was lawful, *i.e.*, that the defendant had no legal right to ignore the direction to leave." *State v. Dameron*, 316 Or 448, 460, 853 P2d 1285 (1993) (emphasis in original). The question, then, is whether Anderson and Local 16 had a legal right to ignore a direction to leave. The answer depends on the legal authority of the person who gave the direction.

■ Anderson and other representatives of Local 16 declined to leave construction sites in two situations. In one instance, the general contractor expressly objected to Anderson's presence, but Anderson entered the property anyway. Assuming (without deciding) that the general contractor had authority to direct Anderson to leave the construction site, we do not find on this record that Anderson will continue to refuse the directions of *general* contractors to leave, unless restrained.

In all other instances, employer, a subcontractor, objected to the activities of Anderson and other representatives of Local 16. In those instances, there is no proof that the general contractors expressly objected to those activities,

however. Because we conclude that Anderson will continue to refuse to leave construction sites at employer's direction, unless restrained, and that Anderson will continue to interrupt the work of employer's employees at those sites, unless restrained, we must examine whether employer, as a subcontractor on a construction site, had the authority to order Anderson and other representatives of Local 16 to leave the property.

This court has stated:

> "It is the general rule in America that either actual or constructive possession is sufficient to maintain trespass, although one of these two kinds is necessary at the time of the trespass." *Boyer v. Anduiza*, 90 Or 163, 165, 175 P 853 (1918).

The record contains neither the agreements between employer and the general contractors at any of the job sites nor the agreements between the property owners and the general contractors. On this record, therefore, there is no proof that employer had actual or constructive possession of the sites or any other source of authority to order Anderson and Local 16 to leave the sites. That being so, we cannot conclude on this record that Anderson and other representatives of Local 16 committed criminal trespass by refusing to leave construction sites at employer's direction.

Because the record does not demonstrate, with respect to the issues framed by employer's petition, that unlawful acts have been committed and will continue unless restrained, ORS 662.080(1), there is not a legally adequate basis for an injunction.

The circuit court's order of temporary injunction is vacated.

**FADELEY, J.,** concurring.

The statute regulating injunctions in cases of this kind requires that several factual conditions be present. Before an injunction is permitted, the trial court must enter findings of fact that satisfy those conditions.

ORS 662.080 requires, among other things,

> "findings of fact by the court, to the effect:

"(1)   That unlawful acts have been threatened and will be committed * * *.

"(2)   That substantial and irreparable injury *to complainant's property* will follow.

"* * * * *

"(4)   That complainant has no adequate remedy at law." (Emphasis added.)

The temporary injunction presented to and signed by the trial judge fails to include any finding that complainant has no adequate remedy at law. Thus, it does not satisfy the statute and must be vacated.

Remand to consider correcting that deficiency might be appropriate if it arguably could be corrected. That depends, however, on the main issue argued by the parties in this appeal. That issue is whether complainant, occupying the status of a subcontractor at various general contractor's job sites, has authority to order a person to leave any of those sites such that the person engages in unlawful conduct, *i.e.*, becomes a trespasser, by remaining on such sites after complainant orders her or his departure.[1] Complainant insists that, as a subcontractor working at the sites, it has such authority. Appellants dispute whether that authority exists.

The record contains no evidence of complainant's authority. Complainant does not own the sites. Although the *right* to exclusive possession is also sufficient to allow the possessor to order others to leave the area possessed,[2] the record contains no evidence of any such right of a subcontractor at the relevant job sites. Thus, no trespass is established.

The various requirements of the special injunction statute are not satisfied, as outlined above. The injunction must be vacated on the foregoing legal grounds.

---

[1] Complainant does not contend here, in an effort to satisfy ORS 662.080(2), that irreparable injury to complainant's *property* will follow unless appellants are excluded. The petition seeking the injunction specifically did not allege job-site injury to complainant's "property." It relies on allegations of job-site trespass. Respondent alleged, in response, that appellants' allegations failed to satisfy the statute.

[2] *Martin v. Union Pacific Railroad*, 256 Or 563, 565, 474 P2d 739 (1970); *Hager v. Tire Recyclers, Inc.*, 136 Or App 439, 445, 901 P2d 948, *on recons* 138 Or App 120, 906 P2d 842 (1995), *rev den* 323 Or 690 (1996).